Graves, -J.:
This is a case made after judgment.
On March 22, 1855, defendant gave a deed to plaintiff *for the west half of the northwest quarter of section fifteen, township seven north, of range two east, in this state. It was upon the consideration of three hundred and twenty dollars, and contained the common covenants of seizin, for peaceable possession, or in other words, quiet enjoyment, and against incumbrances, and no others. The land was wild and vacant, and so continued until entry by one Lauren K. Hewitt. This occurred about the first of February, 1860, and Hewitt at once notified Peck of his assumption of possession, and that he claimed to have title, and desired Peck to relinquish to him. About the 24th of March following, Hewitt filed his bill against Peek alone, to quiet title. In this bill he alleged that he was at that time owner in fee simple, but gave no account of the origin, history or date of his title.
He averred that he was then in possession; that the land was worth eight hundred dollars, and that Peck claimed an interest or title under certain tax sales, which. he alleged were invalid, but constituted a cloud on his title.
The tax sales were alleged to have been for delinquent taxes for the years 1843, 1844, 1845, 1846, 1847, 1851, 1852, 1853, 1855, 1856, 1857 and 1858. There was no allegation that any deed or patent had been given to any one on account of these sales, or that any of the tax proceedings referred to had proceeded further than sales. Soon after such bill was filed, Peck called on Houghtaling and informed him of the suit, and asked him to defend, and they then went together and talked the case over with counsel, and Houghtaling refused to make any defense. They agreed, however, that Mr. Bement, an attorney, should examine the records, and they respectively contributed to the expense, Mr. Houghtaling paying five dollars. At this time the gentleman employed thought there was good ground for defensé. Subsequently he appeared for Peck and put in his answer, and therein claimed that Peck was owner in fee. A replication was filed and proofs taken, and on *124 October *21, 1873, the cause was brought to hearing, and on the same day the following decree was entered:
“The circuit court for the county of Shiawassee, in chancery.
“Lauren K. Hewitt v. Horatio N. Peck.
“At a session of said court held at the court house in said county, on the 21st day of October, A. D. 1873.
“Present, Hon. Josiah Turner, circuit judge.
“ This cause having been brought on to be heard on pleadings, and proofs taken in open court, and the stipulations of the respective parties, and after hearing Mr. E. Gould, of counsel for said complainant, and Mr. L. Beinent, of counsel for said defendant, it is ordered, adjudged and decreed, and this court doth, by virtue of the power and authority in it vested, order, adjudge and decree that the said defendant has no right, title or interest in the land described in the bill of complaint in this cause, and described as the west half of the northwest quarter of section fifteen, in township seven north, of range two east, in the county of Shiawassee and state of Michigan.
“ And it is further ordered, adjudged and decreed that the said complainant has sl good, sure and perfect title in fee simple to said land.
“ And it is ordered, adjudged and decreed that the defendant release and quit-claim to complainant all the rights and interests which he has or claims in and to said lands; and that until he shall so release and quit-claim, this decree, duly .certified and recorded in the office of the register of deeds of the county of Shiawassee, do stand as such release and quit-claim; and it is further ordered, adjudged and decreed that said defendant pay to said complainant his costs in this suit to be taxed, and that said complainant have execution therefor.
“ Josiah Turner, Circuit Judge.
“Countersigned, J. E. Graham, Register.
*In April, 1875, Peck brought suit against Houghtaling for covenant broken, and based his action upon alleged breaches of covenant of seizin and of warranty of title, and set up these covenants as contained in the deed before mentioned, and the decree in chancery and Hewitt’s possession *125 were pleaded as facts and proceedings establishing the breaches complained of.
Honghtaling pleaded the statutory general issue, and the cause was tried by the court without a jury.
The court found the facts, and as part of them, set out at length the deed, and the bill, answer and decree in chancery, and gave judgment for the plaintiff.
It is unnecessary to transcribe the finding. Sufficient has been stated for the purpose of decision, and it will not be necessary to refer to all the points made in the argument.
As no notice has been taken of the circumstance that the declaration was drawn upon assumption that one of the two covenants in the deed relied on as ground of action was a covenant to warrant and defend the title, whilst the deed, on production and submission, was found to contain a covenant for quiet enjoyment, and not one of warranty of title, it is very probable the discrepancy was deemed merely' formal, and not important. It may not be amiss to observe that authorities differ as to whether there is any real difference in the operation of these covenants. Mr. Rawle appears to consider them sufficiently distinguishable to forbid the introduction of one of them to maintain an averment of the other. — Rawle on Cov. (2d ed.), 287, 238. Chancellor Kent lays it down that the covenant to warrant and defend the title is in effect a covenant for quiet enjoyment. — 4 Kent’s Com. (12th ed.), 472. It would scarcely be safe, however, to assume him to mean that either may be pleaded, and the other given in evidence, in covenant, to support the allegation. There is no occasion now to inquire whether these covenants are precise equivalents in their legal effect.
Whatever may be the true doctrine, it is far safer, to- say the least, to plead the covenant according to the form *of it in the deed, and leave the effect to be eventally ascertained, without raising any embarrassing question of variance.
Defendant’s counsel, alluding to the covenant in the deed for quiet enjoyment, objected that it was not one, because there was a blank, preceding the expression “ will forever war *126 rant and defend,” so that it did not appear that any one covenanted.
The pronoun “he” seems to have been omitted. This was of no importance whatever. It was manifestly a clerical error which corrected itself. Justice ought not to stumble at straws. —Smith v. Lloyd, 29 Mich., 382.
In this connection we may briefly notice a position by plaintiff’s counsel. He contended that in this action for covenant broken, when the plaintiff had proved the covenants, the burden of proof was at once cast on defendant, to make out that he conveyed such title as he warranted. We are relieved now from any necessity to explain the incorrectness of this assumption. It was done fully in the late case of Ingalls v. Eaton, 25 Mich., 32. We then held, on grounds satisfactory to us, that the party alleging breach of covenant of title must prove it. It was therefore incumbent on the plaintiff in this action to make good by evidence the breaches averred, or at least one. He was required to establish as breach of the covenant of seizin, that when the deed was delivered in 1855 the defendant was not seized in fee, or as breach of the other covenant, that an eviction had occurred under title paramount to that made by defendant’s deed in 1855. Did he do this? Whether he did either, depends upon the decree in chancery, because that is the only thing brought out and found, to show either want of seizin in fee in Houghtaling when he deeded, or title paramount justifying the alleged eviction. Hewitt’s entry and exclusion of Peck amounted to nothing as proof of breach of the covenant for quiet enjoyment, unless the entry and exclusion were under title paramount; and unless Hewitt’s title is found to be earlier in origin than Iloughtaling’s deed *to Peck, it is not found that Houghtaling was not seized in fee at the time of that deed, or that Hewitt’s entry and his exclusion of Peck in 1860 amounted to a disturbance pursuant to title paramount, or a disturbance Houghtaling covenanted against. Now it requires but a glance at the decree to see that it nowhere states or declares that the title which Hewitt asserted arose earlier than the filing of the bill in 1860. Indeed, it does not in terms declare that Hewitt had any title prior to *127 tbe decree, "but tbe declaration on this subject may perhaps be taken as relating to the time of the institution of the suit. The common practice is, however, to insert an express declaration of title in complainant at the time of commencement of suit, and this should always be done. There is nothing, then, in the decree to show that Hewitt’s title existed or originated prior to Houghtaling’s deed in 1855, or to show that Peck’s disturbance was under prior and superior title. The decree is not inconsistent with Houghtaling’s ownership of the fee when he deeded in 1855, or with his ownership at that time of every possessory right.
There are some other considerations relating to the principles of this kind of proceedings and to the effect in evidence in actions for covenant broken, of decrees to quiet title under the statute, but there is no occasion to advert to them.
From what has been said, it appears that the facts found do not show breach of either of the covenants averred, and that judgment should have been given for defendant. The questions in regard to the application of the statute of limitations require no discussion.
The judgment must be reversed, and as the cause is here upon special findings in a case made, judgment must be entered in this court for the defendant, with costs of both courts.
The other justices concurred.