GEORGE BERRINGER v. THE LAKE SUPERIOR IRON COMPANY.

*Implied assumpsit—Burden of proof.*

Plea of the general issue to an implied assumpsit denies the cause of action altogether, and leaves the plaintiff to prove not only performance, but the understanding on which it was based. It would be different if only payment or other discharge were pleaded.

Error to Marquette. Submitted June 17. Decided July 1.

ASSUMPSIT. Plaintiff brings error.

*Dan H. Ball* for plaintiff in error. If the defense rests upon the allegation of a fact in avoidance of the conclusion to be drawn from the facts established by the plaintiff, the burden is on the defendant to prove the allegation, Whart. Ev., § 357; *Robinson v. Parish,* 62 Ill., 130.

*W. P. Healy* for defendant in error. The burden of proving the affirmative of the issue involved in the

action, remains throughout the trial upon the party alleging the fact which constitutes it, *Heineman v. Heard*, 62 N. Y., 455; *Gatewood v. Bolton*, 48 Mo., 78; *Stewart v. Ashley*, 34 Mich., 183.

COOLEY, J. The question in this case is one of the burden of proof. The plaintiff declared on the common counts, and on the trial sought to recover upon a quantum *meruit* for the labor of himself and his teams and servants. He was a witness on his own behalf, and testified to the performance of the labor, and to its value. The labor was performed in sinking a shaft for mining. According to his evidence it was at first proposed that the work should be done under special contract, and he had assented to this, but afterwards refused to go on under the contract because the shaft was located where he thought it ought not to be. He testified that defendant's agent then said to him: "You keep track of your teams; you get plenty of feed to feed your horses, and at the end of the year we will settle up with you, and allow you for your labor and your teams, and your tools; all your wear and tear." It was under this understanding that he claimed to have gone on. The defense did not deny the performance of the work but insisted that it was done under special contract; and in the court below the controversy was over the existence of such a contract.

The plaintiff requested the circuit judge to charge the jury "that the burden is on the plaintiff to establish his services performed at the request of the defendant, and their value; that the defense is, that the plaintiff was at work on contract, and that contract was settled for, and that the defendant must establish that by a preponderance of testimony; or else the jury must find for the plaintiff. In other words, that if the plaintiff has proved his services at the request of the defendant, and their value, he has established a *prima facie* case; then the burden is upon the defendant to

prove the defense set up; that is, that it was done under a special contract, and not as claimed by the plaintiff." The request was refused.

The circuit judge was right. The burden was upon the plaintiff to make out his case. That included both the performance of the work, and the understanding, agreement or contract under which it was performed. The plaintiff relied upon an implied *assumpsit*, and the general issue denied, not a part of his case only, but the whole case, and the burden was upon him throughout. *Ingalls v. Eaton*, 25 Mich., 32; *Peck v. Houghtaling*, 35 Mich., 127; *Stewart v. Ashley*, 34 Mich., 183. Had the defendant admitted a *prima facie* case for the plaintiff, and relied upon payment or other discharge, the case would have been altogether different. Here he denied that the plaintiff ever had the cause of action he counted on.

The judgment must be affirmed, with costs.

The other Justices concurred.