ALMOND G. PENNELL v. THE DELTA TRANSPORTATION COMPANY.

*Custom and usage—Evidence.*

1. Evidence of usage is admissible only on the ground that the parties who made the contract were both cognizant of the usage, and must be presumed to have made their engagements with reference to it; citing *Van Hoesen v. Cameron*, 54 Mich. 614.

2. The decisions in this State are uniform that custom cannot change a definite contract, and that no custom is binding which is not certain, definite, uniform, and notorious; citing *Lamb v. Henderson*, 63 Mich. 305.

3. A custom which is restricted to a certain locality or business, though shown to have become general and uniform, is not conclusive on the party, so that he may not give evidence that it was unknown to him.

Error to Cheboygan. (Aldrich, J., presiding.) Submitted on briefs December 2, 1892. Decided December 22, 1892.

*Assumpsit.* Defendant brings error. Reversed. The facts are stated in the opinion.

*George E. Frost,* for appellant.

*Frank Shepherd,* for plaintiff.

LONG, J.  This action was commenced in justice's

court, and after a trial there appealed to the circuit, where, upon the trial before a jury, plaintiff had verdict and judgment for $29.78.

It appears that the plaintiff entered into a verbal contract with the defendant, through defendant's agent, Capt. Field, who was in the employ of defendant as captain of a boat running on what is known as the "Inland Route" through Cheboygan county, by the terms of which the plaintiff was too clean out Crooked river from snags, logs, stumps, etc., that obstructed the channel. He was to be allowed two dollars per day, and the same for all help which he might employ. He hired two men, and entered upon the work the next day. Upon the completion of the work, plaintiff was paid the two dollars per day for himself and each man, as the contract stipulated. He then presented a bill for the board of himself and men during the time employed. It is conceded that nothing was said about the board of himself and men at the time the contract was entered into, but on the trial the court permitted the plaintiff to give evidence of a custom or usage in that community to pay the board of men employed in certain kinds of business. This evidence was admitted under objection of defendant's counsel. It was shown by several witnesses for the plaintiff that a custom existed among lumbermen in that vicinity to pay the board of the men who were engaged in running logs down the streams, and cleaning out streams for the purpose of running logs. It was also shown that Capt. Field, defendant's agent, had resided ·in that vicinity for five years and upwards. Capt. Field was called as a witness by defendant, and asked if he knew of any such custom. The answer was objected to by plaintiff's counsel as incompetent, and it was ruled out by the court.

At the close of the testimony, counsel for defendant asked the court to instruct the jury:

"2. That, in order to bind defendant under a custom or usage, when the custom was not made known to defendant when it made the contract, the jury must find from the evidence that defendant or its agent had been engaged in a business before the contract was made in some manner connected with the business in which said custom is sought to be established, or the defendant cannot be presumed to have knowledge of said custom.

"3. That the simple fact that defendant's agent had resided in the section or vicinity where said custom is sought to be established is not sufficient in itself to warrant the jury in finding that the defendant had knowledge of said custom.

"4. That, in order to bind the defendant to pay for the board of plaintiff and his men, the jury must find from the evidence that the defendant had knowledge of the custom to charge for board when not expressed in the contract; and that, if they do not so find, then their verdict must be for defendant as to the question of board."

These requests were refused by the court, and the jury directed upon the subject as follows:

"If you find from the evidence that the defendant agreed with the plaintiff to pay him for cleaning out this river at the rate of two dollars a day for all the work performed, and that there was a custom in that vicinity that persons who were working upon the river cleaning out the river in the manner that these men were working should be boarded by the person hiring them, and that such custom was general, uniform, certain, established, then, in that case, you should allow the plaintiff for his board and the board of these men whatever you find it to be reasonably worth."

The court charged further:

"The custom must be general, and it must be uniform. It must not vary from time to time. It must be an established custom; that is to say, a custom which would spring up at the time this contract was made, and continue from that time to the present, would not be an established custom. This must be the custom of that vicinity; it must be general, universal."

Continuing, the court said:

"Now, if you find that such a custom existed, and that this contract was made in relation to such custom, or that it was so well established and universal that all persons in that vicinity would be supposed to know the custom, and make their contracts in relation to it, then you will bring in a verdict for the plaintiff."

We think the court was in error in refusing to permit defendant's agent to testify that he had no knowledge of such a custom; and that the court was also in error in refusing to give the defendant's second, third, and fourth requests to charge, as well as in the charge as given. Where the custom or usage is restricted to a certain locality or business, though it has become general and uniform in that locality or in that particular business, and the custom is relied upon as a ground of recovery, it is settled, we think, that such custom is not conclusive on the party, so that he may not give evidence that it was unknown to him.

In *Walls v. Bailey*, 49 N. Y. 476, Mr. Justice Folger laid down the rule as follows:

"We have seen that there are usages which have become so general and so universally received and acted upon as that they have become a part of the common law, and no one can be heard to profess ignorance of them. But it is equally true that there are usages so restricted as to locality or trade or business as that ignorance of them is a valid reason why a party may not be held to have contracted in reference to them. There are many cases of this kind collected in notes in Broom's Legal Maxims. (See p. 684 [691], notes 2, 3.) It seems, then, to come to this: Is the presumption which the jury may thus make conclusive, or may not that presumption be repelled by express negatory proof of ignorance ? When the defendant proposed by the question which was rejected to offer evidence tending to show his ignorance of the existence of the usage, he claimed no more than to exercise the right of attempting by direct evidence to repel the presumption of his knowledge which might without that proof, or perhaps in opposition to it, be made from the facts of the case.

"It is for the jury, then, under proper instructions from the court, to take all the evidence in the case,—that as to the existence, duration, and other characteristics of the custom or usage, and that as to the knowledge thereof of the parties,—and therefrom to determine whether there is shown a custom of such age and character as that the presumption of law will arise that the parties knew of and contracted in reference to it, or whether the usage is so local and particular as that knowledge in the party to be charged must be shown affirmatively or may be negatived. In this view, it was proper for the defendant to put and answer the question rejected."

Applying this rule to the facts in the present case, it is evident that the defendant's agent, with whom the contract was made, should have been permitted to answer the question whether he had any knowledge of the existence of such a custom. The proofs in support of the prevalence of such custom were confined to lumbermen who were having logs driven down the streams or through waters there, and who were compelled to clean out those waters for the purpose of driving logs. There was no testimony offered showing or tending to show that the defendant company, or Capt. Field, its agent, had ever driven logs down those streams, or that they were in any manner engaged in the lumbering business, necessitating the cleaning out of any streams for the purpose of driving logs. The only evidence of the business of the defendant company offered in the case was that it was running its boat through the inland waters in Cheboygan county, and that Capt. Field was the captain of the boat. Under these circumstances, the presumption cannot be conclusive upon the defendant that it had knowledge of this local custom or usage existing among lumbermen to pay the board of their men in running logs or cleaning out streams for the purpose of running logs. The mere fact that defendant's agent resided in that vicinity would not be sufficient to bring home to

him the knowledge of this custom, or warrant the jury in finding that the defendant had knowledge of it.

In cases where evidence of usage is admissible at all, it is only on the ground that the parties who made the contract are both cognizant of the usage, and must be presumed to have made their engagements in reference to it. *Van Hoesen v. Cameron*, 54 Mich. 614. The decisions in this State are uniform that custom cannot change a definite contract, and that no custom is binding which is not certain, definite, uniform, and notorious. *Lamb v. Henderson*, 63 Mich. 305, and the cases there cited. In the above case it was said by Chief Justice CAMPBELL:

"No attempt was made to bring notice of this usage to the knowledge of plaintiff."

The defendant in that case sought to set up a custom to defeat the payment of certain traveling expenses to one of his salesmen during the time he spent at the home office.

The court in the trial of the present case should not only have allowed Capt. Field to answer the question, and given the requests to charge asked, but should also have instructed the jury that the plaintiff could not recover unless they found that the parties contracted in reference to this custom; and in determining that question they should consider the testimony of defendant's agent, who made the contract. *Higgins v. Moore*, 34 N. Y. 425.

Judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.