MILLIGAN *v.* SLIGH FURNITURE CO.

1. EVIDENCE—DOCUMENTS—ADMISSIBILITY.

> An offer to admit the effect of written documents does not render them inadmissible in evidence.

2. SAME—LETTERS—OBJECTIONS.

> The admission in evidence of a letter containing irrelevant statements is not erroneous, where the only objection offered is to the letter as a whole, and a portion of its contents is admissible.

3. TRAVELING SALESMEN—CONTRACT OF EMPLOYMENT—DISREGARD OF INSTRUCTIONS—EVIDENCE.

> While the discharge of a traveling salesman may be justified by his failure to obey instructions with reference to places to be visited and the manner of making sales, a disregard of instructions in these particulars cannot be inferred from the fact that the sales did not fulfill the expectations of his employer, and evidence to that effect should be excluded in an action by him for a wrongful discharge.

4. SAME—BREACH OF CONTRACT—WHAT CONSTITUTES.

> The action of a traveling salesman in leaving his designated route on Saturday night, to spend Sunday with his family, does not, as a matter of law, constitute a breach of the employment contract justifying his discharge; especially if it does not appear but that he returned to his route in time to comply with his contract.

5. SAME—CUSTOM.

> A custom allowing traveling salesmen the privilege of acting as retail salesmen during the holiday trade, and retaining their earnings, does not entitle a traveling salesman to retain an amount so earned, where his contract made no provision therefor, and his employer is not shown to have been aware of the custom.

6. EMPLOYMENT CONTRACT — WRONGFUL DISCHARGE — BURDEN OF PROOF.

> In an action for a wrongful discharge from employment, the burden of showing good and sufficient cause for such discharge rests upon defendant, after plaintiff has proved the contract, and its performance by him up to the time of his dismissal.

Error to Kent; Grove, J.    Submitted January 5, 1897.
Decided February 18, 1897.

*Assumpsit* by John K. Milligan against the Sligh Furniture Company for the breach of a contract of employment.    From a judgment for plaintiff, defendant brings error.    Modified and affirmed.

Plaintiff entered into a written contract with the defendant, by which he agreed to act as traveling salesman for it for the year 1895, at an agreed salary of $1,750, payable monthly, and travel over such territory and at such times as it might designate, and to sell its goods as instructed. In September defendant wrote plaintiff a letter saying that they were not pleased with the way in which he had made his last trip; that they thought he had gone over the territory thus far too hastily to do it profitably; and that he had disregarded their instructions.    The letter recognized the difficulty of getting orders, on account of the dullness of the trade, and closed by telling him that, under the circumstances, they believed it to be for the interests of both to part company, and stated:

"We feel disposed to allow you pay for the next 30 days, with the privilege of quitting immediately, and securing other employment.   *   *   *   If the above is satisfactory, you can let us know, and send in our photographs, order book, etc., and we will pay you up to October 1st."

Plaintiff, who was then in Cleveland, Ohio, where he lived, replied September 6, 1895, detailing his side of the case, insisting that he had performed his part of the contract, and declining to accept the proposition.    The defendant replied to this September 7th, in which it said: "If you do not think our proposition 'just, right, or equitable,' as you state, please write us what you do think is right, under the circumstances."    To this plaintiff replied September 9th, stating that, since the receipt of

the letter of September 4th, he had devoted his entire time, attention, and energy towards securing other employment, but could not secure any. He closed the letter thus: "Until such time as I can see something tangible by way of an opening, I will not be able to say what would be a just compromise. If you can put me on track of a position, I will gladly do all in my power to secure it at once." On September 17th, defendant wrote, stating: "Your salary with us will cease one month from date." This letter stated that plaintiff had repeatedly disregarded instructions given him. On October 2d, defendant wrote plaintiff, authorizing him to make a draft on it for $471.98, which it would pay, if to the draft were attached a receipt in full for all demands. This the plaintiff declined, and, after the expiration of the year, brought this suit to recover the balance due him when discharged, and for his services after discharge to the close of the year. He recovered verdict and judgment for the full amount.

*Mitchell J. Smiley* and *Frederick W. Stevens*, for appellant.

*Fletcher & Wanty*, for appellee.

GRANT, J. (*after stating the facts*). 1. Several letters were introduced, written by the plaintiff to the defendant after his discharge. The purpose of these letters was to show his willingness to continue in the performance of his contract. Defendant's counsel offered to admit that the plaintiff tendered performance, and objected to the admission of the letters as irrelevant and immaterial. The offer to admit the effect of written documents does not render them inadmissible. The letters did contain certain statements that were immaterial. Had counsel objected to these parts of the writing, they should have been excluded. But his objection went to the admission of the letters as a whole. We therefore think there was no error in admitting them.

2. Defendant sought to show by its witness the amount of business that plaintiff did during one of his trips East. This was objected to. No special damages were claimed by the declaration, and counsel stated that they were not seeking to recoup damages, but insisted upon the right to show this as a ground for discharge. In reply to a question by the court, counsel for the defendant stated:

"We cannot show that, if he had gone to a certain town, he would have got orders. That is an impossibility, from the nature of things. But we can show that his whole business was trivial, as compared with the time that he had taken and the expense that he had been to us; and in that connection it must bear upon the question· whether we had just cause for his discharge."

We think the ruling of the court was correct. If the plaintiff refused or neglected to carry out the instructions of the defendant, this would justify his discharge, whether damage resulted or not. It is claimed by the defendant that the plaintiff did not visit the places or sell goods according to instructions. If this were so, plaintiff could not recover. But it was not competent to infer a violation of the contract because sales did not fulfill the expectations of defendant.

3. While on the route in western New York and Pennsylvania, under instructions from the defendant, plaintiff left the route one Saturday afternoon or evening, and went to Cleveland, to spend Sunday with his family. He wrote to defendant the day before that he would go to Cleveland Saturday night; that he had about $12, which would be sufficient to carry him as far as Lockport, N. Y., provided they wished him to start out at once; but he advised waiting a while, till merchants had had some trade. He requested defendant to wire him on receipt of the letter if it wished him to start out at once. The reply to this letter was that of September 4th, above given. The defendant requested the court to instruct the jury that if plaintiff left his route, and went to the city of Cleveland, contrary to the terms of his directions, instead

of following the route laid out for him by defendant, the defendant had good and sufficient ground for discharging him from its employ. It was not a violation of the contract for plaintiff to leave Saturday night, to spend Sunday with his family, in Cleveland. It is not shown that this seriously interfered with his returning to the designated route in time to comply with his contract.

4. Complaint is made that the court did not give to the jury certain specific requests. We think they are substantially covered by the general charge, which stated fairly and fully the claims of the plaintiff and of the defendant. After so stating them, he instructed the jury that, if these breaches of the contract were established by the evidence, the defendant was justified in discharging the plaintiff.

5. The court instructed the jury that the burden of proof rested upon the defendant to show by a fair preponderance of evidence that it had good and sufficient cause to discharge the plaintiff. It is insisted that the burden rested upon the plaintiff, and not upon the defendant. The plaintiff gave evidence tending to show that he had performed the contract up to the time of his discharge. The burden of proof was, of course, upon him to prove his contract and its performance up to that time. This made out his case. The burden then shifted to the defendant to show a legal excuse for his discharge. The defense was an affirmative one, like that of payment or satisfaction of a debt. In support of their contention, counsel cite *Ingalls* v. *Eaton*, 25 Mich. 32; *Berringer* v. *Iron Co.*, 41 Mich. 305; *Stahelin* v. *Sowle*, 87 Mich. 124. In *Ingalls* v. *Eaton* it is held that proof of the covenant of seisin in a case where breach is assigned does not cast the burden upon the defendant of proving that he conveyed such a title as he warranted. In *Berringer* v. *Iron Co.* plaintiff sued upon implied *assumpsit* for work and labor. The defense was that the work was done under a special contract, and the burden was properly held to be upon the plaintiff throughout. In the case

before us the contract is admitted. Defendant could only relieve itself from liability by a discharge for cause. In *Stahelin* v. *Sowle*, which in its facts somewhat resembles this case, it was held that "the burden of showing a sufficient cause to warrant him in rescinding the contract was upon the defendant." We therefore find no error in this instruction.

6. Plaintiff earned $58 in December, as retail salesman. He testified that it was a custom of the trade to allow this privilege to traveling men during the holiday trade. He had no agreement with the defendant to that effect, and there is no testimony that the defendant was aware of this custom, if such existed. The court instructed the jury that the plaintiff was entitled to retain this amount. This was error. *Pennell* v. *Transportation Co.*, 94 Mich. 247, and authorities there cited. This amount must be deducted from the judgment, and judgment entered in this court for the amount due, less this sum. Neither party will recover costs.

The other Justices concurred.