BARKER *v.* CITIZENS' MUTUAL FIRE-INSURANCE CO.

1. FIRE INSURANCE — SAWMILLS — PERMISSION TO REMAIN IDLE — "WINTER SEASON"—WITNESSES—COMPETENCY—OPINIONS.

In an action on a policy of fire insurance providing that it should be void if the sawmill insured thereby should cease to be operated for more than 10 consecutive days, but having a rider attached permitting it to remain idle during the winter season, where defendant introduced the testimony of a witness to show the length of the winter season as applied to sawmills, it cannot claim that the witness was not competent, or that he was testifying to an inadmissible opinion.

2. SAME—USAGE—PROOF.

Such witness stated on direct examination, in answer to the question, "What is meant by the 'winter season,' as applied to sawmills?" that he presumed it was meant when they were shut down, after they had done their season's cutting; and, on cross-examination, that the winter season is usually known as the "closed season," that mills situated as plain-

tiff's mill was did not get their logs as early in the spring as others, and that it was the custom of plaintiff's mill to start up when it got its logs. *Held,* that it should be inferred from the testimony that those connected with sawmill operations used the term "winter season" to designate the period which elapsed between the time the mill closed in the fall and the arrival of the logs in the spring; and that proof of a usage of the term in this sense was sufficient proof of a fact.

3. SAME—PRESUMPTIONS.

A witness having testified that insurance companies were familiar with and acted upon this usage of the term "winter season," it might be presumed, in the absence of evidence to the contrary, that defendant, in making the contract, understood its local meaning, although its home office was not in the vicinity of the insured property, and the business was done through a broker.

4. SAME—BREACH OF CONTRACT—BURDEN OF PROOF.

The burden of proof was upon the defendant, alleging a breach of the contract, to show that the mill was idle later than the winter season.

5. SAME—INSTRUCTIONS.

A charge to that effect, however, cannot be said to have required defendant to establish that the date of the fire (*i. e.,* June 12th) was not within the winter season, as the term was understood by the parties.

Error to Bay; Shepard, J.   Submitted April 14, 1904. (Docket No. 64.)   Decided May 31, 1904.

*Assumpsit* by Columbus C. Barker against the Citizens' Mutual Fire-Insurance Company on a policy of insurance.   From a judgment for plaintiff, defendant brings error.   Affirmed.

*Patterson & Patterson* (*Hall & Brockway,* of counsel), for appellant.

*T. A. E. & J. C. Weadock,* for appellee.

CARPENTER, J.   June 12, 1902, plaintiff's sawmill, situated in Bay county, was destroyed by fire.   At the time of its destruction the sawmill was insured by defendant

by two policies of insurance, dated, respectively, September 23, 1901, and April 13, 1902. The policies were Michigan standard policies, containing this clause:

"This entire policy  *  *  *  shall be void,  *  *  * if the subject of insurance be a manufacturing establishment,  *  *  *  if it cease to be operated for more than ten consecutive days."

And attached to each policy was a rider permitting "the mill to remain idle during the winter season." At the time of its destruction the mill was idle, and had been since about November 1, 1901. Evidence was introduced on the part of the plaintiff tending to prove that the term "winter season," in the Saginaw Valley, meant the interval which elapsed from the time the mill closed in the fall until the logs came across the lake, either from Canada or the Upper Peninsula, in the next season, and that these logs did not arrive until late in June or early in July. Defendant's testimony tended to prove that the winter season ended about April 1st. This issue was submitted to a jury, who rendered a verdict for the plaintiff.

Defendant claims that plaintiff was not entitled to a verdict on this issue, because the testimony "utterly fails to deal with the subject as a fact at all; it does not show the custom was of long standing; it does not show that it was uniform; it does not show that it was well settled; and no effort was made to show that the parties in this case had any knowledge of it at all, and it was not shown to have been so generally known as to raise a presumption that the contract was made in reference to it."

We do not think these objections well grounded. Before the plaintiff introduced any testimony whatever on this subject, defendant called as a witness one Charles Gossler. We quote from his testimony: Direct examination:

"*Q.* What is meant by the 'winter season,' as applied to sawmills?

"*A.* I presume that is what they mean by that,—when

they shut down after they have done their season's cutting. I presume that is what is called the 'winter season.' They are idle."

Cross-examination:

" *Q.* The winter season is usually known as the 'closed season?'

"*A.* Certainly.

"*Q.* Those mills that are dependent upon their supply of logs either from Canada or Lake Superior ports do not get their logs as early in the spring as others?

"*A.* No, sir.

"*Q.* It was the custom of this mill to start up when it got its logs?

"*A.* Certainly.

"*Q.* And in recent years it had been getting them from Canada?

"*A.* I believe that is where they got them from.

"*Q.* What time of the year do the logs usually get in from Canadian ports?

"*A.* I guess they do not get in there much before June.

"*Q.* Generally the middle of June, or a little later, is it not?

"*A.* A little later; I think so."

Defendant cannot claim that this witness was not a competent witness, nor that he was testifying to an inadmissible opinion. It should be inferred from this testimony that those connected with sawmill operations used the term "winter season" to designate the period which elapsed between 'the time the sawmill closed in the fall until after the logs arrived in the spring,—a period which had not elapsed when the loss in this case occurred. Proof of a usage of a term in this sense was, in our judgment, sufficient proof of a fact. See *Taylor* v. *Briggs*, 2 Car. & P. 525.

Nor can it be said that the testimony was insufficient to raise the presumption that the contract was made in reference to this usage. One of the plaintiff's witnesses (George W. Ames) testified that special agents of insurance companies—who for this purpose may be regarded as the insurance companies—were familiar with and acted upon

this use of the term. When the defendant entered into these contracts, it may be presumed, when, as in this case, there was no evidence to the contrary, that it understood the local meaning of this term "winter season." *Pennell* v. *Transportation Co.*, 94 Mich. 247 (53 N. W. 1049).

Defendant also urges that the evidence respecting the meaning of this term was insufficient because its home office was not in the Saginaw Valley, and it did its business there through a broker. We have already suggested one answer to this objection. It may also be said that this point was not raised in the trial court.

In charging the jury, the court said:

"It is claimed on the part of the defense that the policy is void because the mill property was allowed to remain idle and not operated for a longer period than the winter season; and the defendant takes the burden upon itself, as you saw in the giving of testimony, to establish the fact or claim, under that language in the policy, either as a question of law, or a question of fact for the jury, or both, that the mill was idle beyond the period, and later than the winter season."

It is contended that by this charge the court improperly imposed upon defendant the burden of proving that June 12th was not within the winter season. This contention is based upon an improper construction of the charge. The charge, fairly construed, states that defendant takes the burden upon itself to establish the claim, either as a question of law or fact, that the mill was idle later than the winter season. It is true that the defendant did assume that burden. We think it will not be disputed that, as a matter of law, the burden rested upon the defendant to prove this breach of the policy of insurance. See *N. & M. Friedman Co.* v. *Assurance Co.*, 133 Mich. 212 (94 N. W. 757). If the defendant had wished to raise the question that the burden rested upon the plaintiff to prove that June 12th was within the winter season, it should have taken some other step than to assign error on this charge. It would be a manifest unfairness to the trial

judge and to the plaintiff in this case to hold that the charge now under consideration touches that question.

No other error complained of in defendant's brief demands discussion.

Judgment is affirmed, with costs.

The other Justices concurred.