COON v. FLOYD KNOX, INC.

1. MASTER AND SERVANT—BONUS—USED CAR DEPARTMENT MANAGER.
    Under contract whereby manager of the used car department of a corporate automobile dealer was to receive $5 on each new car sold providing 750 or more were sold during six months' period of employment, the manager was not entitled to bonus where only 641 were sold during such period, where notwithstanding he was discharged about four weeks before the end of the period it is not claimed and record would not support finding that the prescribed minimum would have been sold had he remained in defendant's employ until the end of the period.

2. SAME—COMPENSATION—DISCHARGE FOR CAUSE—EVIDENCE.
    Manager of used car department of corporate automobile dealer *held*, entitled to salary for balance of term for which he had been hired and not paid after discharge where evidence to support defendant's claim that discharge was for neglect of duties consisted of bookkeeping figures alone.

3. Same—Want of Diligence—Inference.
    Want of diligence may not properly be inferred merely because
    the business disappoints the employer's expectations.

4. Costs—Reversal in Part—Contracts.
    Defendant is awarded costs on appeal where it was successful
    in obtaining reversal as to all but $225 item in judgment of
    $3,080, based on contract of employment.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 22, 1940. (Docket No. 22, Calendar No. 41,258.)  Decided February 7, 1941.

Assumpsit by Floyd A. Coon against Floyd Knox, Inc., a corporation, for breach of contract of employment.  From judgment for plaintiff, defendant appeals.  Reversed in part.

*N. Calvin Bigelow,* for plaintiff.

*Joslyn, Joslyn & Joslyn,* for defendant.

North, J.   On December 1, 1936, plaintiff entered the employ of defendant corporation as manager of its used car department which was conducted in connection with defendant's regular business as an authorized Ford dealer in Detroit.  In general plaintiff's duties included appraisals of used cars, received by defendant in trade for other cars, and the supervision of reconditioning and selling used cars.  His salary was $75 per week.  Mr. Floyd W. Knox was the president and principal stockholder of defendant company.  In January, 1937, there was a conference between plaintiff and Mr. Knox and a Mr. Replogle, who was defendant's new car sales manager.  This conference concerned the future successful management of defendant's business.  Plaintiff claims that at this meeting Mr. Knox, acting for defendant, agreed to employ plaintiff for a period

of six months commencing January 1, 1937, at $75 per week, and that Mr. Knox also agreed to pay both to plaintiff as manager of the used car department and to Mr. Replogle as manager of the new car sales a bonus of $5 on each new car sold during the six-months' period *provided at least 750 new cars were sold and delivered by defendant during that period.* Plaintiff testified that at the time of the agreement: "Nothing was said about the used cars. * * * Nothing was discussed at all in connection with the continued operation of the used car department at a profit during the six-months' period. * * * Nothing was said as to whether or not the corporation had to sell the new cars and the used cars at a profit before this bonus would be payable. * * * There was nothing said that night as to whether or not I had to maintain a fairly constant inventory of used cars. That was not one of the conditions Mr. Knox made as to if and when I was to receive my bonus." Plaintiff's asserted right of recovery is based on his claim that he was wrongfully discharged on June 3, 1937. His salary was paid to June 10th. This was about three weeks prior to the expiration of the six-months' period of his employment. Plaintiff seeks recovery of three weeks' salary at $75 per week and $5 bonus on each of 571 new cars sold and delivered by defendant between January 1 and June 1, 1937. On trial without a jury plaintiff's claim was sustained. He had judgment for $3,080 and interest thereon at 5 per cent. from July 1, 1937. Defendant has appealed.

As contradistinguished from plaintiff's claim above outlined, defendant asserts that plaintiff's right to the $5 bonus was limited by other terms and conditions, and that plaintiff was discharged for cause. The testimony of Mr. Knox is in conflict with plaintiff's testimony; and in substance the testi-

mony of Mr. Knox is that the $5 bonus was payable on the following conditions: (1) That a minimum of 750 new cars was to be sold during the six-months' period, and as to this the parties do not disagree; (2) That the business was to be done on a reasonably profitable basis; (3) That the inventory of the used cars on hand did not show an appreciable ratio of increase; (4) That the ratio of profit or loss per used car handled did not show any appreciable adverse change; (5) That both the new and used cars were to be sold and delivered on the same profit basis comparatively as the company had sold and delivered cars for the same period in 1936.

Our review of the record in this nonjury case convinces us that it does not fully sustain the conclusion reached by the circuit judge. The testimony of Mr. Knox was corroborated by that of Mr. Replogle, who at the time of the trial was not in defendant's employ but instead for months had been employed by another Detroit Ford dealer.

The record before us convincingly discloses that 750 new cars were not sold and would not have been sold during the prescribed period even if plaintiff's employment had been continued until July 1, 1937. The actual number of new cars sold by defendant between January 1 and July 1, 1937, was 641. It is not claimed, nor could it be claimed under this record, that the 750 limit would have been reached if plaintiff had remained in defendant's employ until July 1st. It follows that plaintiff is not entitled to recover the bonus computed at $5 per car on the new cars sold.

While the writer of this opinion is not in accord therewith, a sufficient number of my brethren to control decision herein are of the opinion that plaintiff was wrongfully discharged, and therefore is entitled to recover at $75 per week for the three weeks

remaining of the unexpired term of his employment. In reaching this conclusion, it is pointed out that the trial judge chose to adopt plaintiff's version of the contract of employment; and that the conclusion of the trial judge should be sustained, not only because as the trier of the facts he had the witnesses before him but also because his conclusion seems sensible under the circumstances of the nature of the business and the methods of running it. Used cars taken in trade on new ones were charged to the used car department at the full price for which they were appraised to the customers. Defendant's sales manager, who looked after sales of new cars, testified that sometimes he increased plaintiff's appraisal figure in order to make a new car sale, but he did not do it every time. He further testified: "In the sale of new cars the handling of used cars is a necessary evil." Where a liberal appraisal allowance is made to effect a new car sale and consequently the used car must be sold at a loss, it seems that the amount is equivalent to a discount on the sale of a new car, or as the trial court observed, "The new cars should suffer the loss, because that is where the gain is made." Yet it was the practice under defendant's bookkeeping system to charge all used car expenses, including repairs and advertising, to the used car department. It seems manifestly unfair to conclude merely from the bookkeeping figures alone that any neglect of duties was responsible for the loss in plaintiff's department.

And, further, the trial court properly concluded that defendant's demand for increased sales of new cars "would necessarily involve an added expense and an added loss to the used car department." Want of diligence may not properly be inferred merely because the business disappoints the employer's expectations. *Milligan* v. *Sligh Furniture*

*Co.*, 111 Mich. 629. In the absence of other evidence of misconduct, my Brethren are of the opinion there appears no proper cause for the discharge. It follows that plaintiff is entitled to recover at the rate of $75 per week for each of the three weeks of his employment period for which he did not receive compensation. In this connection it may be noted there is no claim or showing that plaintiff might have minimized the damages resulting from his loss of employment during the stated period.

The case is remanded to the circuit court for entry of judgment in accordance with this opinion. Defendant will recover costs of this Court.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, McALLISTER, WIEST, and BUTZEL, JJ., concurred.