EMERSON v ARNOLD (ON REMAND)

Docket No. 23428. Submitted February 8, 1977, at Lansing.—Decided March 23, 1977.

Plaintiff, William H. Emerson, and defendant's decedent, Warren J. Emerson, were brothers engaged in two business partnerships involving two basically identical buy-sell agreements for the express intention of avoiding "a discontinuance of the business of the firm[s]" and assuring each partner that "his respective estate will receive the full value for his interest". The agreements established an initial valuation for each partnership interest and provided for the purchase of life insurance policies on each other's life to supply purchase funds. The agreements recited that the stipulated valuations would remain in effect "unless and until" different valuations were established "provided, however, that as soon as practicable after July 1st and January 1st of each year hereafter, said partners shall reaffirm the valuation last made or establish a new value for said respective partnership interests". The brothers never reaffirmed or reevaluated the partnership interests. Plaintiff's brother died and plaintiff tendered the proceeds of the insurance contracts on his brother's life to defendant, Raymond V. Arnold, executor of his brother's estate. Defendant refused to convey decedent's interest in the partnership. Plaintiff sued defendant in the Jackson Circuit Court for conveyance of the interests and testified that whenever the brothers felt their respective interests in the partnerships exceeded the insurance coverage they simply bought more insurance. Defendant counterclaimed alleging plaintiff had not paid the full value of decedent's interest. The court, Russell E. Noble, J., granted summary judgment for plaintiff, finding that the appropriate means of determining the value of decedent's interest had been utilized, that the conditions for the transfer of decedent's interest to plaintiff were satisfied and that there was no ambi-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 853.
  73 Am Jur 2d, Summary Judgment § 40.
[2] 17 Am Jur 2d, Contracts § 355.
[3] 28 Am Jur 2d, Estoppel and Waiver § 174.

guity in the agreements or the partners' subsequent conduct sufficient to raise a question of fact. Defendant appeals. The Court of Appeals, in an order of October 30, 1975, granted the plaintiff's motion to affirm the summary judgment. The defendant then sought leave to appeal to the Supreme Court. In lieu of granting leave to appeal, the Supreme Court vacated the summary order of affirmance of the Court of Appeals and remanded the case to the Court of Appeals for plenary consideration. 397 Mich 821 (1976). *Held:*

The mandatory language of the agreements with regard to reaffirmation or reevaluation coupled with the failure to mention what effect, if any, failure to comply was to have creates an uncertainty due to incompleteness for the jury to decide.

Reversed and remanded.

1. JUDGMENT — SUMMARY JUDGMENT — BENEFIT OF DOUBT — GENUINE ISSUE OF FACT — COURT RULES.

A summary judgment granted for the reason that there is no genuine issue as to any material fact will be upheld on appeal where, giving the opposing party the benefit of every reasonable doubt, there is no genuine issue as to any material fact (GCR 1963, 117.2[3]).

2. CONTRACTS — CONSTRUCTION OF CONTRACTS — INCOMPLETENESS — JURY QUESTION.

It is for a jury to determine the true nature of an agreement where there is uncertainty because of incompleteness.

3. CONTRACTS — WAIVER — QUESTION OF LAW AND FACT.

Waiver is a mixed question of law and fact; it is the duty of the court to charge and define the law applicable to waiver, but it is the province of the jury to say whether the facts of the particular case constitute waiver as defined by the court.

*Rosenburg, Painter, Stanton, Bullen & Nelson, P.C. (by Philip M. Moilanen),* for plaintiff.

*Edward L. Cobb, P.C.,* for defendant.

Before: D. E. HOLBROOK, P.J., and R. B. BURNS and M. F. CAVANAGH, JJ.

ON REMAND

PER CURIAM. The defendant estate appeals from the circuit court's grant of plaintiff's motion for

summary judgment and from the corresponding dismissal of defendant's counterclaim.

Plaintiff and defendant's decedent were brothers. In 1956 they entered into two separate partnership agreements, respectively involving a printing company and a small grocery store. Through their attorney, the brothers established two, basically identical buy-sell agreements to provide for disposition of the assets of these partnerships upon the death of either brother. Their express intention was to avoid "a discontinuance of the business of the firm[s]", and to assure each partner that "his respective estate will receive the full value for his interest".

The agreements establish an initial valuation for each brother's share of $25,000 in the printing business and $20,000 in the grocery store. These sums were to be guaranteed by the proceeds from life insurance policies purchased by each brother on the other's life.

The agreements further recited that the stipulated valuations would remain in effect "unless and until" different valuations were established, "provided, however, that as soon as practicable after July 1st and January 1st of each year hereafter, said partners shall reaffirm the valuation last made or establish a new value for said respective partnership interests".

The brothers never reaffirmed or revalued the interests despite the fact that the attorney who drafted the agreements provided them with prepared forms for that purpose. According to plaintiff, the surviving partner, whenever the brothers felt that their respective interests in the partnerships exceeded the insurance coverage they simply bought more insurance. At the time of decedent's death, September 10, 1968, the partnerships' insur-

ance proceeds on his life totalled $59,665.20.

As provided in the agreements, plaintiff paid this amount to decedent's executor (the same attorney who had drafted the agreements). Defendant, however, refused to convey decedent's interest in the two partnerships as required by the agreements, alleging that plaintiff had not paid the full value of decedent's interest. Defendant counterclaimed that the original valuations had expired and that defendant was entitled to one-half of the fair market value of the businesses as of the date of decedent's death. Defendant thus sought $96,000 in addition to the $59,665.20 in insurance benefits previously tendered.

Plaintiff filed a motion for summary judgment. The trial court found that the appropriate means of determining the value of decedent's interests had been utilized, and that the conditions for the transfer of decedent's interests to plaintiff were satisfied. The trial court found no ambiguity in the agreements or in the partners' subsequent conduct sufficient to raise a disputed question of fact. The court concluded that plaintiff had fully performed and was entitled to the relief he sought. Defendant has appealed.

It is settled that "[f]or a summary judgment granted under GCR 1963, 117.2(3) to be upheld on appeal, it must be clear that, giving the opposing party the benefit of every reasonable doubt, there is no genuine issue as to any material fact". *Wynglass v Prudential Life Ins Co of America,* 68 Mich App 514, 516; 242 NW2d 824 (1976). Applying this rigorous standard, we respectfully disagree with the opinion of the trial court.

The mandatory language of the agreements that the partners "shall" reaffirm or revalue their interests manifests their apparent intent to keep the

values current. While the agreements are explicit as to what steps had to be taken to make a new valuation effective, they do not mention what effect, if any, the partners' failure to comply with this seemingly mandatory provision was to have on the values initially established. Where there is uncertainty in an agreement because of incompleteness, it is for a jury to determine the true nature of the agreement. *Anderson v Brown,* 21 Mich App 699; 176 NW2d 457 (1970).

Although it might be argued that the partners waived the reaffirmation or revaluation provisions by their failure to comply with them and/or by their subsequent purchase of more insurance, it is likewise the duty of a properly instructed jury to say whether such a waiver occurred. *Cascade Electric Co v Rice,* 70 Mich App 420, 424-426; 245 NW2d 774 (1976).

Giving every reasonable doubt to defendant, it cannot be said that this case presents no genuine issue as to any material fact.

Reversed and remanded for trial. Costs to plaintiff.