BIAGINI v. MOCNIK.

1. WORK AND LABOR—QUANTUM MERUIT—CONTRACTS.

No recovery can be had in *quantum meruit* where the parties have entered into a valid, enforceable contract although they may differ as to the terms thereof, it then being for the jury to determine from evidence adduced what the terms were.

2. SAME—FAILURE TO MAKE CONTRACT.

A party who has rendered labor or furnished materials is entitled to recover their reasonable worth, where the parties had not entered into a valid, enforceable contract with respect thereto because the minds of the parties did not meet as to some essential terms either because of mutual mistake or uncertainty therein.

3. SAME—QUANTUM MERUIT—ERECTION OF HOUSE—CONTRACTS.

Order allowing plaintiff contractor to file amended declaration based on *quantum meruit* after each side had presented its own theory as to terms of contract for erection of house on defendant's property *held,* proper after court had found there was no express contract between the parties as there had never been a meeting of minds.

Appeal from Wayne; Bowles (George E.), J. Submitted November 8, 1963. (Calendar No. 59, Docket No. 49,533.) Decided April 5, 1963.

Bill by Evio Biagini against Leo A. Mocnik and Ruth H. Mocnik to establish mortgage for security of sums owing on express contract for building of house. Upon finding that no express contract ex-

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Work and Labor § 33.
[2] 58 Am Jur, Work and Labor §§ 35, 36.
[3] 58 Am Jur, Work and Labor § 57.

isted, order entered permitting plaintiff to assert count in *quantum meruit* and making reference to a commissioner for taking of testimony. Defendants appeal. Affirmed.

*Hinks & Knight* (*Robert B. Knight*, of counsel), for plaintiff.

*Harry F. Vellmure* and *Victor T. Mitea*, for defendants.

KAVANAGH, J. Plaintiff contractor's bill of complaint relied upon an express oral contract with defendants for the erection of a house on defendants' property. The relief sought was the imposition of a second mortgage upon the property in accordance with the agreement of an amount equal to the unpaid contract price plaintiff claimed was due him.

Prior to trial plaintiff filed a motion to amend the pleadings to add a count in *quantum meruit*. The court held in abeyance the decision on the motion and limited the proofs on trial to those bearing on express contract. He told counsel that so far as *quantum meruit* was concerned, if the court found no express contract, it would allow the pleadings to be amended.

At the trial, each side presented its own theory as to the terms of the contract. The chancellor found there was no express contract between the parties for the reason there had never been a meeting of minds. The court then entered an order permitting plaintiff to file an amended declaration based on *quantum meruit* and referring the matter to a circuit court commissioner for the taking of testimony. From this order defendants filed their claim of appeal.

The issue on appeal is: Where parties differ as to the terms of an express oral contract, and the

court finds no express contract because the minds of the parties did not meet, may there be recovery in *quantum meruit?*

Defendants rely on the rule cited in *Geistert* v. *Scheffler,* 316 Mich 325, 337, quoting from *Millar* v. *Macy Co.,* 263 Mich 484, 488:

"The law in this State seems to be well settled that where an express contract is entered into between parties, but they differ as to the terms thereof, and there is evidence tending to support the claim of each of them, it is for the jury to determine what the terms of the contract were, and there can be no recovery on the *quantum meruit.*"

The application of this rule presupposes the existence of a valid, enforceable contract. In the instant case the trial judge found as a matter of fact, due to the absence of a meeting of minds, that no express contract ever existed. In such a situation, recovery can be had in *quantum meruit.*

"And the generally recognized doctrine is that it does not follow from the fact that a contract is invalid because the minds of the parties did not meet as to some of the essential terms thereof, either because of a mutual mistake or uncertainty therein, that a party thereto who furnishes material or renders services to the other party, relying upon the terms as he understood them, is without a remedy. Generally he is entitled to recover what his labor rendered or materials furnished were reasonably worth." (Citing cases.)    26 LRA NS 810 (note).

See *Van Fleet* v. *Van Fleet,* 50 Mich 1 (followed in *In re Moon's Estate,* 219 Mich 104), where Justice COOLEY said:

"Of the many errors assigned, a few only demand attention. The respondent insisted that if the evidence showed an express contract between the par-

ties there could be no recovery for the labor on an implied contract. *Galloway* v. *Holmes,* 1 Doug (Mich) 330; *Peters* v. *Gallagher,* 37 Mich 407. The principle is plain enough, but it has no application here. The plaintiff relied upon an express understanding that he should be paid for his services whether he received the land or not; and he also claimed that, if the evidence failed to show an express agreement to that effect, it showed facts from which such an understanding must be implied. If the jury was with him on the first branch of the case, he would recover on the express contract; if on the second branch of the case, he would recover on the contract implied by the circumstances, no express contract being made out. But the claimant did not pretend that a contract could be implied for services which were covered by an express contract, and the instructions to the jury conceded that if an express contract was made out, the case must be governed by it."

This rule is merely a corollary to the principle allowing recovery in *quantum meruit* where the plaintiff has performed services under an express agreement which is not enforceable because of the statute of frauds or some other statute that prevents recovery on the terms of the agreement itself. See *Smith* v. *Chase & Baker Piano Manufacturing Co.,* 185 Mich 313; *Ordon* v. *Johnson,* 346 Mich 38.

The decree of the trial court is affirmed. Costs to plaintiff.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, and OTIS M. SMITH, JJ., concurred.

O'HARA, J., took no part in the decision of this case.