BRADLEY *v.* O'BRIEN

1. Estoppel—Contracts—Part Performance.

Doctrine of equitable estoppel was applicable to a third-party defendant in an action for compensation for work completed under a contract and authorized extras, where third-party defendant's superintendent was present daily while painting work was being done, did nothing to defeat plaintiff's expectation of being paid for the work being done and asked plaintiff to continue with the work despite defects in the drywall construction of the project as pointed out by the plaintiff and the defendant, third-party plaintiff.

2. Damages—Contracts—Proofs.

Assessment of damages for work not contemplated by a contract but authorized by defendant, third-party plaintiff, is not properly charged to third-party defendant where third-party plaintiff failed to establish any authorization for the work by the third-party defendant.

3. Damages—Contracts.

Assessment of additional damages for the painting of common areas constitutes double recovery and is not properly allowable where the parties to a contract for the painting of an apartment complex contemplated allocating a portion of the per-unit cost to the painting of common areas, and the plaintiffs had already charged the allocable amount for the work completed.

Appeal from Ingham, Marvin J. Salmon, J. Submitted Division 2 October 12, 1970, at Lansing. (Docket No. 8,033.) Decided October 26, 1970. Leave to appeal denied January 19, 1971. 384 Mich 798.

References for Points in Headnotes

[1] 28 Am Jur 2d, Estoppel and Waiver § 26 *et seq.*
[2] 17 Am Jur 2d, Contracts § 369.
[3] 17 Am Jur 2d, Contracts § 131.

Complaint by Neal Bradley against William O'Brien for the value of work completed. Third-party complaint by William O'Brien against the Alco Construction Corporation for the damages claimed by Bradley. Judgment for Bradley against O'Brien, and for O'Brien against the Alco Construction Corporation. Alco Construction Corporation appeals. Affirmed as modified.

*Troff, Lilly, Piatt, File & Doyle* (by *Daniel K. Jamieson*), for plaintiff.

*George Spanos,* for defendant, third-party plaintiff.

*Sinas, Dramis, Brake & Turner, P. C.,* for third-party defendant.

Before: Quinn, P. J., and V. J. Brennan and Ziem,* JJ.

Per Curiam. Alco Construction Corporation appeals from the decision of the trial court sitting without a jury that it is liable to O'Brien for Bradley's judgment against him. The case arose out of the construction of the Carriage Green Apartments in Kalamazoo. Alco had contracted with O'Brien for the painting work on the complex for $27,700 or $210 per unit. O'Brien subsequently subcontracted the work to Bradley at the same price. Bradley immediately began work by the spraying process which the trial court found the original contracting parties had contemplated, and he was paid by Alco for work done during May and June of 1966. He continued painting until August 8, 1966, when an Alco representative indicated the work must be done by

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the rolling method to be satisfactory to Alco. Since such a process was considerably more expensive, Bradley refused to employ it without a modification of the contract price. Alco discharged him and engaged another painter to finish the project.

Bradley filed suit in 1967 against O'Brien for $14,809.77 in compensation for work completed under the contract and authorized extras. O'Brien in turn sued Alco, alleging that if Bradley obtained a judgment against him, Alco was liable to him for the amount of such judgment. After a two-day trial, the trial court found Alco was estopped from denying liability by the fact it had allowed plaintiff to continue his work despite Alco's alleged dissatisfaction with it. The trial court found estoppel applicable where Alco's superintendent was present daily while work was being done, did nothing to defeat Bradley's expectation of being paid for the work he was doing, and asked Bradley to continue the painting despite defects in the drywall construction pointed out by Bradley and O'Brien. The trial court granted judgments as requested by Bradley and O'Brien, crediting Alco with $6,669 paid in May and June.

After reviewing the transcript, we find that the trial court's findings of fact were not clearly erroneous. GCR 1963, 517.1; *McCarron* v. *Upper Peninsula Hauling Association* (1968), 13 Mich App 168; *Weeks* v. *Conservation Department* (1968), 9 Mich App 429. In addition, we can find no error in the trial court's having applied the law of equitable estoppel to the facts it found. *Schliess* v. *City of Grand Rapids* (1902), 131 Mich 52; *Morgan* v. *Plotkin* (1922) 219 Mich 265; *City of St. Clair Shores* v. *L & L Construction Company, Inc.* (1961), 363 Mich 518.

The trial court did make two errors in the computation of damages, however. First, while there is testimony by Bradley that the $291.47 charged for painting eight and one-half windows not contemplated in the contract was orally authorized by O'Brien, there is no evidence that Alco ever agreed to this item. Since the burden of proof was on the third-party plaintiff to establish oral agreements with Alco, this item should not have been allowed as against Alco. *Banwell* v. *Risdon* (1932), 258 Mich 274, 278; *Bishop Electric, Inc.,* v. *Simpson* (1967), 7 Mich App 391.

Secondly, Bradley and O'Brien testified that although there was no charge included in the contract for painting common areas, it was contemplated that $10 of the $210 per unit price would be allocated for these items. Included in the damages was $860 for painting common areas, although Bradley and O'Brien had already charged the allocable $10 in 44 completed units, to-wit: $440, and a portion of the $10 in fixing the charges for work done in uncompleted areas, to-wit: $111.85. Thus to the extent of $551.85, which constitutes a double charge for the common areas, the judgment must be corrected. The correct award under the evidence presented below is $7,588.92 for Bradley against O'Brien and $7,297.45 for O'Brien against Alco.

Judgment of the trial court is affirmed with the foregoing corrections. Costs to appellees.