### JAROSZ v CAESAR REALTY, INC.

1. APPEAL AND ERROR—COURT RULES—TRIAL JUDGE'S FINDINGS—STANDARD FOR REVERSAL.

    A trial judge's findings will not be reversed unless clearly erroneous (GCR 1963, 517.1).

2. CONTRACTS—SCOPE OF CONTRACT—EVIDENCE—CONFLICTING EVIDENCE.

    A trial court did not erroneously interpret the scope of a contract or a plaintiff's obligation thereunder where, as to each item found not within the scope of the contract, there was conflicting testimony.

3. CONTRACTS—QUANTUM MERUIT—APPROPRIATENESS.

    *Quantum meruit* relief is appropriate where defendants were aware of and authorized changes in a contract, and where the defendants were benefited by the plaintiff's services.

4. CONTRACTS—QUANTUM MERUIT—WRITTEN MODIFICATION REQUIREMENT—WAIVER—ORAL MODIFICATION.

    A contract requirement of written change orders does not bar *quantum meruit* relief for oral change orders where the fact was that the defendants either waived that requirement because they knew about the orally ordered changes or that the requirement did not extend to extra work.

5. WITNESSES—EXPERT WITNESSES—COMPETENCE—DISCRETION.

    Determination of the competence of an expert witness rests within the sound discretion of the trial court.

Appeal from Oakland, Arthur E. Moore, J. Submitted Division 2 March 14, 1974, at Detroit. (Docket No. 15876.) Decided May 29, 1974. Leave to appeal applied for.

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 82–86.
[2] 17 Am Jur 2d, Contracts § 267.
[3, 4] 17 Am Jur 2d, Contracts §§ 83, 344, 521.
[5] 31 Am Jur 2d, Expert and Opinion Evidence §§ 26–32.

Complaint by Leonard W. Jarosz against Caesar Realty, Inc., Robert Adell Children's Funded Trust, Franklin Z. Adell Children's Funded Trust, and Marvin M. Adell Children's Funded Trust for breach of contract. Judgment for plaintiff. Defendants appeal and plaintiff cross appeals. Affirmed.

*Lawrence J. Stockler,* for plaintiff.

*Bolle, Gase, Gilleran & Williams,* for defendants.

Before: J. H. GILLIS, P. J., and QUINN and O'HARA,* JJ.

J. H. GILLIS, P. J. Plaintiff claimed damages for extra work performed under a building construction contract. The trial court found for plaintiff, awarding him approximately $75,000. Defendants appeal by right, and plaintiff cross-appeals.

In October, 1967, plaintiff agreed to construct a manufacturing plant for defendants. The contract provided that plaintiff would construct a building shell for $886,817. He was obligated to submit bids for interior and exterior mechanical, plumbing, heating, electrical, and office finishing work, items expressly excluded from the contract price. No bids, save plaintiff's own mechanicals estimate of approximately $300,000, were then in existence. A contract clause provided for incorporation of the subcontracts into the original contract upon awarding. Plaintiff agreed further to "assume and be responsible for" the subcontracts, and promised to supervise them through completion. He was obliged to guarantee performance, provide a one-year builder's warranty, and accept only written change orders. The parties agreed to a completion

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

date nine months later. The contract price included $70,000 assured profit and 50% of any savings below the contract price.

The contract was completed two years later, some 15 months after the agreed completion date. Instead of plaintiff's $1,100,000 cost estimate, costs exceeded $1,800,000. Plaintiff claimed the difference represented uncompensated extra work for which he should have recovered 10% profit and 10% overhead, according to trade custom. Further, he claimed damages for delay and compensation for additional savings.

Defendants argue certain items were erroneously ruled outside the scope of the contract, first, because the plaintiff agreed to supervise *all* mechanicals. Alternatively, the items were *reasonable* installations for a contract of this type, thus within the contract's scope. Lastly, admission of plaintiff's estimate of mechanicals prejudiced them because the contract lacked any ambiguity permitting admission of parol evidence.

GCR 1963, 517.1 requires this Court to apply a clear error standard to the trial judge's findings. We cannot say the trial judge, who reasonably interpreted plaintiff's obligation to supervise *reasonable* mechanical additional matters which were an *integral* and *reasonable* part of the general plans clearly erred. As to each item found not within the contract scope, conflicting testimony had been received. We cannot conclude that the trial court erroneously interpreted the scope of the contract or the plaintiff's obligation thereunder.

Any error in admitting plaintiff's estimate for mechanicals was harmless. The trial court expressly rejected plaintiff's contention for compensation for the difference between his estimate and actual cost. The judge did not rely on the estimate for findings as to extra work.

The court relied on a defense expert's testimony that electrical, plumbing, and heating costs were reasonable, finding plaintiff failed to sustain his burden of proof. The court found certain other work had not been contemplated by the contract, and awarded *quantum meruit* relief. Since sufficient evidence supported the findings, we do not disturb them.

Defendants next claim the court erred in awarding plaintiff *quantum meruit* relief, because he never requested payment. Conflicting testimony permitted the trial court to conclude plaintiff had made requests. *Quantum meruit* relief is appropriate because defendants were aware of and authorized changes, and were benefitted by plaintiff's services. The contract requirement of written change orders does not bar relief. The facts reveal that defendants had either waived that requirement because they knew about and verbally ordered the changes, *Klas v Pearce Hardware and Furniture Co,* 202 Mich 334; 168 NW 425 (1918); or that this requirement did not extend to extra work. *Cf. Pittsburgh Filter Mfg Co v Smith,* 176 Ky 554; 196 SW 150 (1917); *Wyandotte & D R R Co v King Bridge Co,* 100 F 197 (CA 6, 1900). See generally, 2 ALR3d 620 ff. An agreement for compensation for extra work can properly be implied in these circumstances. *Biagini v Mocnik,* 369 Mich 657; 120 NW2d 827 (1963). *G O Lewis Co v Erving,* 4 Mich App 589; 145 NW2d 368 (1966).

Defendants contend the trial court erred in determining the rate of recovery. We are not convinced. The court heard expert testimony as to rates of compensation for supervising and general contractors. Because plaintiff's responsibility was equivocal, the court could fairly determine plaintiff to be a general contractor, entitled to recover

under the trade custom. Credible evidence supports the trial court's finding. We will not disturb that finding, absent clear error.

Plaintiff claims the trial court erred in admitting and relying on defense expert testimony to determine damages. We do not agree. Determination of expert competency rests with the trial court's sound discretion. No abuse of discretion has been shown. *Coger v Mackinaw Products Co,* 48 Mich App 113; 210 NW2d 124 (1973).

Plaintiff's claim for damages for delay is also without merit, since the court properly found completion in nine months a patent impossibility. Further, plaintiff did not timely object.

Affirmed. No costs, neither side having prevailed in full.

All concurred.