CASCADE ELECTRIC COMPANY v RICE .

1. CONTRACTS—WRITTEN CHANGES—ENFORCEABILITY.

   A provision in a contract which requires that changes in the contract must be made in writing is enforceable.

2. CONTRACTS—WRITTEN CHANGES—WAIVER.

   A person who is benefited by a contract provision which requires that changes in the contract must be in writing may waive such a provision.

3. CONTRACTS—WAIVER—QUESTION OF LAW—QUESTION OF FACT.

   Waiver is a mixed question of law and fact; it is the duty of the court to charge and define the law applicable to waiver, but it is the province of the jury to say whether the facts of the particular case constitute waiver as defined by the court.

4. CONTRACTS—WAIVER—EXPRESS DECLARATIONS—COURSE OF ACTS— COURSE OF CONDUCT—IMPLIED WAIVER.

   Waiver is a matter of fact to be shown by the evidence; it may be shown by express declarations or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage; waiver may be shown by a course of acts and conduct, and will sometimes be implied therefrom.

5. CONTRACTS—WAIVER—ACTS AND CONDUCT—ESTOPPEL.

   Waiver may be shown by so neglecting and failing to act as to induce a belief that there is an intention or purpose to waive; proof of express words is not necessary, but the waiver may be shown by circumstances or by a course of acts and conduct which amounts to an estoppel.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur 2d, Contracts §§ 466–468, 470.

[3] 17 Am Jur 2d, Contracts §§ 459, 465.

[4] 17 Am Jur 2d, Contracts §§ 390, 392, 393, 396.

[5] 17 Am Jur 2d, Contracts §§ 390, 392, 396.

[6–8] 17 Am Jur 2d, Contracts §§ 3, 18.

[8] 17 Am Jur 2d, Contracts §§ 67, 68.

6. CONTRACTS—CONTRACTS IMPLIED IN LAW—EXPRESS CONTRACTS.

A contract cannot be implied in law while an express contract covering the same subject matter is in force between the parties.

7. CONTRACTS—CONTRACTS IMPLIED IN LAW—EXPRESS CONTRACTS.

The rule that a contract cannot be implied in law while an express contract covering the same subject matter is in force between the parties does not apply in a case where recovery is sought for items not contemplated in the original contract.

8. CONTRACTS—EXPRESS VERBAL CONTRACTS—IMPLIED CONTRACTS—ELECTION OF THEORY OF RECOVERY.

A plaintiff construction contractor may seek recovery on the basis either of an express verbal contract or an implied contract if the jury finds that an express contract did not exist; and, plaintiff is not required to elect to proceed under one theory or the other where the plaintiff claims that an express verbal agreement was reached and such an agreement is disputed by the defendant.

Appeal from Kent, John T. Letts, J. Submitted April 8, 1976, at Grand Rapids. (Docket No. 23690.) Decided August 3, 1976.

Complaint by Cascade Electric Company against Eugene L. Rice for payments due on a building contract. Third party complaint by Rice against Richard E. Markert and Dick Markert's Grand Rapids Auto Auction, Inc., for payments due on the building contract and additional compensation. On motion of defendant Rice and plaintiff Cascade Electric Company, Markert and Grand Rapids Auto Auction, Inc., were added as party defendants. Counterclaim by Markert and Grand Rapids Auto Auction, Inc., against Rice for costs incurred by delay and corrections. Cross-claim by Markert and Grand Rapids Auto Auction, Inc., against Rice for indemnification. Markert subsequently paid Cascade's claim and took an assignment of it, whereupon Cascade was dismissed from the litigation. Judgment for Rice against Markert and

Grand Rapids Auto Auction, Inc. Markert and Grand Rapids Auto Auction, Inc., appeal. Affirmed.

*Van Hattum & Hickman* (by *Thomas D. Van Hattum* and *Walter L. Harrison*), for Eugene L. Rice.

*Warner, Norcross & Judd* (by *Roger M. Clark*), for Richard E. Markert and Dick Markert's Grand Rapids Auto Auction, Inc.

Before: J. H. Gillis, P. J., and N. J. Kaufman and E. A. Quinnell,* JJ.

E. A. Quinnell, J. This is an appeal from a judgment entered on a jury verdict for appellee Rice in an action for breach of contract; the action arose out of a building contract whereby Rice, a general contractor, undertook to construct a building for appellant Markert. For convenience, Rice will be referred to as plaintiff and Markert as defendant, although in the court below Cascade Electric Company, a subcontractor on the project, was the original plaintiff who initially sued Rice and Markert for payments due; Markert subsequently paid Cascade's claim and took an assignment of it, whereupon Cascade Electric was dismissed from the litigation. Rice brought a third-party claim against Markert for money owing on the building contract and for additional compensation for extra work allegedly performed at Markert's request. Markert counterclaimed against Rice for costs incurred by the delay in completing the project and the costs of correcting claimed defects in the building.

The written contract was entered into on April 26, 1972. It provided in substance that Rice was to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

construct a building on property owned by Markert at a cost of some $111,000. Article III of the contract provided:

"No alterations shall be made in the work except upon written order of the owner: the amount to be paid by the owner or allowed by the contractor by virtue of such alterations to be stated in said order. Should owner and contractor not agree as to the amount to be paid or allowed, the work shall go on under the order required above, and in case of a failure to agree, the determination of said amount shall be referred to arbitration as provided in the article on arbitration of this contract."

During the course of construction, some modifications of the express written contract were made and some additional work was done, sometimes pursuant to a written change order or supplemental writing but more often not.

Following a jury trial requiring some five days of testimony, a verdict was returned in favor of Rice in the sum of $25,000, and a judgment entered accordingly. Appellant filed a motion for judgment n.o.v., *remittitur,* or new trial, which was denied by the trial court in an opinion and order dated November 25, 1974 and November 29, 1974 respectively. This appeal followed.

Defendant raises three issues on appeal, framed in his brief as follows:

1. The trial court erred in denying Markert's motion for judgment n.o.v., *remittitur,* or new trial. The little evidence presented by Rice to establish Markert's waiver of Article III of the contract was clearly insufficient to satisfy the burden of proof formulated by the Michigan Supreme Court.

2. The trial court, during its instruction to the

jury on the effect of the Cascade Electric claim, ·confused the names of the parties and made it appear that the jury could disregard this claim if they decided to award damages to Rice based on the other evidence presented.

3. The court erred when it instructed the jury that Rice could recover for alleged extras based on implied contract and unjust enrichment, since an enforceable contract existed between the parties covering the same subject matter, and Rice had clearly elected to proceed on an express contract theory.

1. *The Waiver Issue.*

The parties are both agreed that requirements for written change orders are enforceable; *Banwell v Risdon,* 258 Mich 274; 241 NW 796 (1932). Both parties are also agreed that such a requirement may be waived by the person benefited by such provision; *Klas v Pearce Hardware & Furniture Co,* 202 Mich 334; 168 NW 425 (1918). Relying upon *Banwell, supra,* defendant urges that the rule as to waiver is as follows:

"It does, however, place upon plaintiff the burden of establishing by convincing evidence that changes charged for and not authorized in writing were in fact authorized by verbal agreement, *inclusive of full understanding of call for payment thereof.*" 258 Mich at 278–279. (Emphasis added.)

Plaintiff cites *Klas, supra,* in which the following quotation is cited with approval:

" 'Waiver is a matter of fact to be shown by the evidence. It may be shown by express declarations, or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage; or it may be shown by a course of acts and conduct, and in some cases will be implied therefrom. It may also be shown

by so neglecting and failing to act as to induce a belief that there is an intention or purpose to waive. Proof of express words is not necessary, but the waiver may be shown by circumstances or by a course of acts and conduct which amounts to an estoppel.' 40 Cyc. p. 267.

" 'Waiver is a mixed question of law and fact. It is the duty of the court to charge and define the law applicable to waiver, but it is the province of the jury to say whether the facts of the particular case constitute waiver as defined by the court.' 40 Cyc. p. 270."

Plaintiff also cites *Jarosz v Caesar Realty, Inc,* 53 Mich App 402; 220 NW2d 191 (1974), and particularly the authorities cited at 405.

We agree with plaintiff that the question of waiver is as he claims. *Banwell, supra,* is internally inconsistent in its language. It does contain the quotation cited by defendant, but it also contains the following:

"Many changes were made in the playhouse at the verbal request of Mrs. Risdon *without discussion of cost,* and *the following items are allowed."* 258 Mich at 276. (Emphasis added.)

Thus, while the Court stated as one of the elements of a verbal waiver of a requirement of a writing that there be "full understanding of call for payment thereof", it appears that the result in that case is in fact more consistent with the language found in *Klas,* as reiterated in *Jarosz.*

In this case, the record is replete with testimony which, if believed, would indicate that Mr. Markert was fully aware of the changes and that he directed that they be made. The credibility of the witnesses (in this case the credibility of Rice and Markert was crucial to several issues) being particularly a matter within the province of the jury, we find no reversible error either in submitting the

issue of waiver to the jury, or in the form in which the issue was submitted by the court.

2. *The Mistake In Name Issue.*

This issue is not properly preserved for review, no objection nor request for a corrective instruction having been made at trial. Furthermore, it is abundantly clear from the arguments of counsel for both parties and from the other instructions of the court that the jury could not possibly have been misled by this slip of the tongue.

3. *The Quantum Meruit Issue.*

Appellant states, accurately, that while an express contract is in force between the parties, a contract cannot be implied in law which covers the same subject matter; *Campbell v City of Troy,* 42 Mich App 534; 202 NW2d 547 (1972), *Shurlow Tile & Carpet Co v Farhat,* 60 Mich App 486; 231 NW2d 384 (1975), *In re De Haan's Estate,* 169 Mich 146; 134 NW 983 (1912). We agree. Thus in this case, if Rice had performed the original contract exactly according to its terms, and then had sought recovery above and beyond the contract on a *quantum meruit* theory claiming that the work he had performed was worth more than the contract provided, the rule would be applicable and Rice would have no claim.

However, the rule does not apply in a case such as this where recovery is sought for items not contemplated in the original contract. See *Jarosz, supra,* and particularly the authorities cited at 405 of that opinion. Further citation of applicable authority is not necessary.

The authorities cited by appellant do not apply to the "extras" situation. In *Campbell, supra,* a city police officer sought recovery on a *quantum meruit* theory for overtime pay, but was denied relief because the subject of overtime pay was

covered in an express contract with the employing city. In *Shurlow Tile & Carpet Co, supra,* a subcontractor sought recovery from an owner on *quantum meruit;* the subcontractor had recovered judgment on an express contract against the general contractor, who was insolvent; the time for filing a mechanics' lien having passed, he filed suit against the owner and the court very properly invoked the rule urged by appellant. *De Haans' Estate, supra,* involved an effort by a son to recover on a *quantum meruit* theory for caretaking services performed for his father, during a time when there was an express verbal agreement that the son would live with the father on the family farm, with certain other fairly specific conditions, in exchange for the father's leaving the farm to the son by will, which the father in fact did. Again, the court properly denied a recovery on *quantum meruit.*

Defendant also claims that Rice had elected to proceed solely on the basis of express contract, and had thus waived any right to recover on an implied contract. Such is not the case. Plaintiff claimed that there was an express verbal agreement as to certain extras, but this claim was disputed by the defendant. Under the circumstances it is clear that plaintiff was not required to elect to proceed under one theory or the other, but could seek recovery on the basis either of an express verbal contract, or an implied contract if the jury found that the express verbal contract did not exist; *Fraser v Collier Construction Co,* 305 Mich 1; 8 NW2d 889 (1943), *In re Moon's Estate,* 219 Mich 104; 188 NW 457 (1922).

In any event, the issue seems to involve semantics only. Rice did not claim that he had an express oral contract *for any set amount* as to

charges on extras; rather, his claim was that Markert had agreed to pay him the "reasonable value" of the additional work that he performed. Thus the measure of damages would be the same whether the jury found that there was an express oral agreement as claimed by Rice, or whether they found Rice entitled to recover on a *quantum meruit* basis.

Appellant further suggests that the instructions of the trial court were not clear, and permitted the jury to bring in cumulative damages, rather than alternative damages, under the express contract—implied contract theories. Given more time, there is no doubt that the trial court could have reworded the instructions so that they would have reflected the very accurate distinctions that he made in his opinion denying the defendant's motion for a new trial. However, the jury was properly instructed as to the respective rights of the parties under the express written contract; they were further instructed that Rice could recover for modifications in the express written contract only if they found that Article III of that contract had been waived by Markert, and only if Rice had satisfactorily performed the extra work; the court also told the jury:

"You are instructed that it is the law that one cannot be unjustly enriched. You are instructed that if Mr. Markert accepted and appropriated the benefit of *added* labor performed and the materials required by changes and furnished by Mr. Rice, *outside of the contract,* a duty is imposed upon Mr. Markert to compensate Mr. Rice for the value of the benefit he received." (Emphasis added.)

While it would have been preferable to state more clearly that the implied contract instruction and

the unjust enrichment instruction applied only to changes from the written contract (if the jury first found that the requirements of a writing had been waived) or to extras not contemplated by the contract, we do not find the instructions as given to be reversibly erroneous.

Affirmed. Costs to defendant.