THE HAYMAN COMPANY v BRADY MECHANICAL, INC

Docket No. 71939. Submitted October 16, 1984, at Detroit.—Decided November 19, 1984.

The Hayman Company and Townhouse Associates brought an action against Brady Mechanical, Inc., in the Wayne Circuit Court to vacate an arbitration award against them in favor of defendant in regard to work performed by defendant for plaintiffs. The parties had entered into a written contract with regard to the work to be performed which required that changes in the contract be made in writing. Pursuant to the contract, defendant installed boilers in an apartment complex. When the boilers would not work properly, plaintiffs demanded that the defendant make them operational under penalty of forfeiting the balance owed on the contract. Defendant hired an independent contractor to make the repairs, which defendant concluded were made necessary by a defect in the design which had been provided by plaintiffs, as well as problems with electrical work performed by a separate contractor in direct privity with plaintiffs and under their supervision and control. Defendant requested compensation for the extra work performed, but plaintiffs refused to pay. A demand for arbitration was filed by defendant. The arbitrator awarded defendant $10,012.98. The court, Charles S. Farmer, J., ordered the award vacated on the ground that the arbitrator had made a substantial error of law. Defendant appealed. *Held:*

1. The circuit court, upon application of a party to statutory arbitration to confirm or vacate an award, may set aside the award where on its face it appears that the arbitrator made an error of law so substantial that but for the error the award would have been substantially different. In such a case the arbitrator exceeded his powers.

2. An arbitration award should not be vacated for the reason that the arbitrator made a substantial error of law where the error does not appear on the face of the award and the result is legally justifiable on some basis. The arbitrator's award could

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Arbitration and Award §§ 167-169.

be justified on the basis of *quantum meruit*. Therefore, the trial court erred in vacating the award.

Reversed.

1. ARBITRATION — APPEAL — VACATION OF AWARDS.

The circuit court, upon application of a party to statutory arbitration to confirm or vacate an award, may set aside the award where on its face it appears that the arbitrators made an error of law so substantial that but for the error the award would have been substantially different; in such a case the arbitrators exceeded their powers (GCR 1963, 769.9[1][c]).

2. ARBITRATION — APPEAL — VACATION OF AWARDS.

An arbitration award should not be vacated for the reason that the arbitrator made a substantial error of law where the error does not appear on the face of the award and the result is legally justifiable on some basis.

*Hyman, Gurwin, Nachman, Friedman & Winkleman* (by *Laurance A. Berg*), for plaintiffs.

*Federlein & Grylls, P.C.* (by *Walter J. Federlein*), for defendant.

Before: BRONSON, P.J., and J. H. GILLIS and M. E. DODGE,* JJ.

J. H. GILLIS, J. Defendant appeals as of right from a circuit court order vacating an award rendered by the American Arbitration Association

The parties entered into a contract on February 15, 1980, which called for defendant to perform certain heating and plumbing work for an apartment building owned by the plaintiffs. Article 21 of the contract, upon which the present dispute is centered, provided as follows:

"21.1 The Owner without invalidating the Contract may order Changes in the Work consisting of additions, deletions, or modifications, the Contract Sum and the Contract Time being adjusted accordingly. All such

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Changes in the Work shall be authorized by written Change Order signed by the Owner or the Architect as his duly authorized agent.

"21.2 The Contract Sum and the Contract Time may be changed only by Change Order.

"21.3 The cost or credit to the Owner from a Change in the Work shall be determined by mutual agreement."

Pursuant to the contract, defendant installed boilers in the apartment complex. When the boilers would not work properly, plaintiffs demanded that the defendant make them operational under penalty of forfeiting the balance owed on the contract. Defendant hired an independent contractor to make the repairs, which defendant concluded were made necessary by a defect in the design which had been provided by plaintiffs, as well as problems with electrical work performed by a separate contractor in direct privity with plaintiffs and under their supervision and control. Defendant requested compensation for the extra work performed, but plaintiffs refused to pay.

A demand for arbitration was filed by defendant on November 6, 1981. After several hearings before the arbitrator, an award in the amount of $10,012.98 was rendered in the defendant's favor.

Defendant filed a motion to confirm and plaintiff filed a motion to vacate the arbitration award in the circuit court. The lower court granted plaintiffs' motion, finding that article 21.1 of the contract entered into between the parties had been ignored by the arbitrator. In so doing, the lower court concluded that the arbitrator committed a substantial legal error, which, pursuant to *Detroit Automobile Inter-Ins Exchange v Gavin,* 416 Mich 407; 331 NW2d 418 (1982), justified granting plaintiffs' motion to vacate the award. Defendant appeals from the circuit court's decision.

The first question to be addressed concerns the standard of review applicable to the arbitration award rendered in this case. Defendant advances the federal standard adopted by the Michigan Supreme Court in *Kaleva-Norman-Dickson School Dist No 6 v Kaleva-Norman-Dickson School Teachers' Ass'n,* 393 Mich 583, 591; 227 NW2d 500 (1975), and summarized in *Ferndale Education Ass'n v Ferndale School Dist #1,* 67 Mich App 637, 643; 242 NW2d 478 (1976):

"Judicial review is limited to whether the award 'draws its essence' from the contract, whether the award was within the authority conferred upon the arbitrator by the collective-bargaining agreement. Once substantive arbitrability is determined (as it was in the court below) judicial review effectively ceases. The fact that an arbitrator's interpretation of a contract is wrong is irrelevant."

See also *Saginaw v Michigan Law Enforcement Union, Teamsters Local 129,* 136 Mich App 542; 358 NW2d 356 (1984).

Plaintiffs, on the other hand, argue for the applicability of the following standard adopted by the Supreme Court in *Gavin:*

" '[W]here it clearly appears on the face of the award or the reasons for the decision as stated, being substantially a part of the award, that the arbitrators through an error in law have been led to a wrong conclusion, and that, but for such error, a substantially different award must have been made, the award and decision will be set aside.' " *Gavin, supra,* p 439, quoting *Howe v Patrons' Mutual Fire Ins Co,* 216 Mich 560, 570; 185 NW 864 (1921).

Defendant rejects this argument, contending that the standard of review announced in *Gavin* was

specifically limited to automobile insurance policy statutory arbitration.

We agree with the plaintiffs that the standard adopted in *Gavin* is applicable not just to the automobile insurance policy setting, but to all statutory arbitration. Pursuant to GCR 1963, 769, a statutory arbitration award rendered under the authority of RJA Chapter 50 may be vacated where, among other grounds, "[t]he arbitrators exceeded their powers". GCR 1963, 769.9(1)(c). In *Gavin,* the Supreme Court noted that rule 769.9(1)(c) merely announced the *scope* of review. How the parties were to determine *whether* the arbitrators have exceeded their powers, *i.e.,* the appropriate standard of review, required clarification, and thus the "substantial error of law" rule of *Howe, supra,* was adopted.

Since the case now before us involves statutory arbitration, GCR 1963, 769.9(1)(c) is applicable and the award may be vacated if the arbitrator exceeded his power. Further, since the scope of review is identical to cases involving automobile insurance policy arbitration, we can see no reason or justification for applying a different standard of review. Defendant offers none, but cites the following passage from *Gavin* to support its argument for a different standard:

> "We accept and adopt for application to automobile insurance policy statutory arbitration this formulation as reflecting the proper role of the courts in acting upon a motion to confirm or vacate arbitration awards." *Gavin,* p 443.

We decline to read into this passage an intent to restrict the standard announced in *Gavin* to the automobile insurance setting. Rather, we believe the Supreme Court was simply announcing the

application of the *Howe* standard to the facts of the case before the Court. The standard is equally applicable to any arbitration award which can be vacated because the arbitrators have exceeded their powers, *i.e.,* statutory arbitration.

Next, we must determine whether the trial court ruled correctly in vacating the award on the ground that the arbitrator committed a substantial error of law. The trial court's ruling was based upon its assumption that the arbitrator must have either ignored, or considered and disregarded, article 21.1 of the contract, which states that all changes in the work order "shall be authorized by a written change order * * *", and article 21.2, which provides that the contract sum may be changed only by a change order. The basis for this assumption was the trial court's observation that the arbitrator did not indicate which part, if any, of the $10,012.98 award was made on the basis of written changes in the work orders as required by article 21 to authorize an alteration of the contract sum. In other words, it appears that the trial court did not believe defendant was entitled to compensation for the extra work since that work was not performed pursuant to a written change order. However, the trial court was required to speculate in order to reach this conclusion since an arbitrator is not required to articulate the legal and factual basis for an award.

As noted in *Gavin, supra,* it is precisely the need to speculate which renders the review of an arbitrator's award so difficult. In elaborating on this point, the *Gavin* Court offered the following comments which are especially relevant here:

"Arbitration, by its very nature, restricts meaningful legal review in the traditional sense. As a general observation, courts will be reluctant to modify or vacate

an award because of the difficulty or impossibility, without speculation, of determining what caused an arbitrator to rule as he did. The informal and sometimes unorthodox procedures of the arbitration hearings, combined with the absence of a verbatim record and formal findings of fact and conclusions of law, make it virtually impossible to discern the mental path leading to an award. Reviewing courts are usually left without a plainly recognizable basis for finding substantial legal error. It is only the kind of legal error that is evident without scrutiny of intermediate mental indicia which remains reviewable, such as that involved in these cases. In many cases the arbitrator's alleged error will be as equally attributable to alleged 'unwarranted' factfinding as to asserted 'error of law'. In such cases the award should be upheld since the alleged error of law cannot be shown with the requisite certainty to have been the essential basis for the challenged award and the arbitrator's findings of fact are unreviewable." *Gavin*, p 429.

We believe the award in the present case is essentially unreviewable, and thus should have been upheld by the trial court. While it is possible, as speculated by the trial court, that the arbitrator ignored article 21 of the contract in rendering the award, other explanations for the result are feasible. For instance, the arbitrator's decision could well have been based upon a *quantum meruit* theory, rather than on an interpretation of the parties' contract. While *quantum meruit* as a theory of recovery is inapplicable where an express contract exists, the theory may be used to formulate a recovery where changes in the contract were authorized without an agreement as to price. *LeZontier v Shock,* 78 Mich App 324, 331; 260 NW2d 85 (1977); *Cascade Electric Co v Rice,* 70 Mich App 420; 245 NW2d 774 (1976); *Jarosz v Caesar Realty, Inc,* 53 Mich App 402; 220 NW2d 191 (1974). Thus, the arbitrator could have found

that plaintiffs were aware of and did authorize the changes and that they were benefited by the extra work which was not contemplated in the original contract. From this, the arbitrator could have concluded that plaintiffs either waived the change order requirement because they knew about and verbally ordered the changes or that this requirement did not extend to the extra work performed by defendant. The arbitrator could then have found an agreement to pay for the services implied in law. *Jarosz, supra,* p 405.

Whether the arbitrator actually utilized a *quantum meruit* theory to justify the award is unimportant. The point is that the trial court's theory was not the only available explanation for the arbitration award rendered below. Whether the arbitrator did in fact commit a substantial legal error was not evident without "scrutiny of intermediate mental indicia", and plaintiffs' motion to vacate the award pursuant to GCR 1963, 769.9(1)(c) should not have been granted. The standard adopted in *Gavin* permits judicial review of alleged errors of law which appear on the face of the award; the trial court should not have resorted to speculation in order to find fault with the award. Therefore, we reverse the order of the trial court granting plaintiffs' motion to vacate pursuant to GCR 1963, 769.9(1)(c). The arbitrator's award of $10,012.98 in favor of the defendant is reinstated.

Reversed.