# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH A. COSTELLA,

Plaintiff-Appellant,

v

CITY OF TAYLOR,

Defendant-Appellee.

UNPUBLISHED
August 16, 2016

No. 326589
Wayne Circuit Court
LC No. 14-002368-CK

Before: BECKERING, P.J., and CAVANAGH and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals from an order granting defendant's motion for summary disposition on all claims, including breach of contract, fraudulent misrepresentation, promissory estoppel, unjust enrichment, quantum meruit, and a claim that plaintiff was entitled to recover because the City Council's approval of his contract was a post-retirement adjustment under MCL 38.556d. The trial court concluded that, while plaintiff's claims were not barred by res judicata, collateral estoppel barred relitigation of the issue whether plaintiff's contract had been breached when his severance pay was not included in the calculation of his pension amount. The trial court reasoned that, because all claims contained allegations that "defendant improperly failed to include the severance pay in the FAC calculation," i.e., breached their contract with plaintiff, all claims were precluded. The trial court also held that plaintiff's fraudulent misrepresentation claim was barred by governmental immunity. Because the trial court reached the correct result, we affirm.

## I. BACKGROUND

We examined the underlying facts of this case in *Costella v Taylor Police & Fire Retirement System*, unpublished opinion per curiam of the Court of Appeals, issued August 27, 2013 (Docket No. 310276), rev'd 495 Mich 939 (2014) (hereafter referred to as "*Costella I*"). We will not restate them in detail here. In short, plaintiff sought relief in *Costella I* from the decision of the Taylor Police & Fire Retirement System ("the Board") that, pursuant to his contract, he was not entitled to have his severance pay included in the calculation of his pension amount. Both defendant and the Board were parties in *Costella I*. The circuit court granted summary disposition to the Board, holding that the Board's decision "was not contrary to law, arbitrary, capricious, or a clear abuse of discretion," and the decision was "supported by competent, material and substantial evidence on the whole record." *Id.* at 1-3. The circuit court

-1-

also agreed with the Board that the parties simply did not contract for the severance pay to be included in the pension calculation.

On appeal, we reversed the trial court's decision over a dissenting opinion that would have affirmed the trial court for the reasons stated in the trial court's opinion. See *Costella I*. Our Supreme Court reversed, however, adopting the reasoning of the dissenting opinion, which specifically reasoned that the contract language was clear and the contract was fully integrated, thus, the parties' intent as expressed in the written document must be enforced. *Costella v Taylor Police & Fire Retirement Sys*, 495 Mich 939; 843 NW2d 481 (2014).

Plaintiff then filed the complaint in the instant case, apparently alleging (I) Breach of Contract; (II) Fraudulent Inducement or Fraudulent Misrepresentation, (III) Promissory Estoppel, (IV); Unjust Enrichment; (V) Quantum Meruit, and (VI) City Council approval of the Contract as a post-retirement adjustment under MCL 38.556d. Plaintiff alleged that Count VI required the court to "declare the rights of the Parties under the [ ] Contract." Defendant filed a motion for summary disposition on the basis of res judicata, collateral estoppel, and governmental immunity. The circuit court granted the motion, and plaintiff filed this appeal.

The circuit court held that collateral estoppel barred relitigation of the "issue of whether or not the defendant city breached their personal services contract with plaintiff by failing to include the severance pay in the [calculation of his] FAC." The trial court then dismissed Counts I, III, IV, V, and VI because each count alleged that defendant improperly failed to include the severance pay in the pension calculation. Count II, which alleged fraud, was dismissed because fraud is a tort, defendant is a governmental agency that was performing a governmental function, and plaintiff failed to plead in avoidance of governmental immunity. This appeal followed.

## II. ANALYSIS

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). Questions of law, such as whether a defendant is entitled to governmental immunity and whether collateral estoppel applies, are also reviewed de novo. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008); *Kendricks v Rehfield*, 270 Mich App 679, 682; 716 NW2d 623 (2006).

Pursuant to MCR 2.116(C)(7), summary disposition is appropriate when a claim is barred because of immunity granted by law. Summary disposition is appropriate under MCR 2.116(C)(8) when a plaintiff fails to "state a claim on which relief can be granted." The court is required to test the legal sufficiency of the claim based on the pleadings alone and is properly dismissed only if the claim is clearly unenforceable as a matter of law. *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 131; 839 NW2d 223 (2013).

## A. COLLATERAL ESTOPPEL

"The doctrine of collateral estoppel precludes relitigation of an issue in a different, subsequent action between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding." *Dearborn Hts Sch Dist No 7 v Wayne Co MEA/NEA*, 233 Mich App 120, 124; 592 NW2d 408 (1998). The parties must have had a full and fair opportunity to litigate the

issue in the initial action. *Arim v Gen Motors Corp*, 206 Mich App 178, 195; 520 NW2d 695 (1994). The purposes of the doctrine are to: "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Detroit v Qualls*, 434 Mich 340, 357 n 30; 454 NW2d 374 (1990), quoting *Allen v McCurry*, 449 US 90, 94; 101 S Ct 411; 66 L Ed 2d 308 (1980).

Plaintiff does not argue that the parties were different in *Costella I*, that the final judgment of the Michigan Supreme Court was invalid, or that he did not have a full and fair opportunity to litigate the issue of whether his contract was breached when his severance payment was not included in the pension calculation. In fact, plaintiff fully litigated that issue with the assistance of counsel at all stages of the proceedings that led to *Costella I*. In essence, therefore, plaintiff has conceded that collateral estoppel does apply in this case to the issue of whether his contract was breached. He argues instead that, despite the settled determination of that issue, he can nonetheless proceed with his claims of breach of contract, promissory estoppel, unjust enrichment, quantum meruit, and post-retirement adjustment.

The breach of contract claim requires no analysis; it is clearly barred by collateral estoppel because it has been judicially determined that plaintiff's contract was not breached. The three quasi-contractual claims are also barred by collateral estoppel. Promissory estoppel applies when there is a "(1) promise that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, (2) which in fact produced reliance or forbearance of that nature, (3) in circumstances such that the promise must be enforced if injustice is to be avoided." *In re Timko Estate*, 51 Mich App 662, 666; 215 NW2d 750 (1974). When there is an express contract that includes an integration clause, however, promissory estoppel does not apply because it is unreasonable as a matter of law for a party to rely on a promise not incorporated into the express contract. *UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 504; 579 NW2d 411 (1998). In this case, the issue of whether there is an express contract with an integration clause has already been decided in the affirmative. *Costella I*, 495 Mich at 939, citing *Costella I*, unpub op at slip op p 3, BORELLO, J., dissenting. Therefore, plaintiff is collaterally estopped from litigating the promissory estoppel claim.

Citing *General Aviation, Inc v Cessna Aircraft Co*, 915 F 2d 1038 (CA 6, 1990), plaintiff argues that an enforceable, fully integrated contract does not preclude the application of collateral estoppel unless (1) the courts conclude that an enforceable contract exists, and (2) the performance that serves as consideration for the contract is the same performance that evidences detrimental reliance in the promissory estoppel claim. Plaintiff then argues that his consideration for signing the contract was continuing to work, and his performance evidencing detrimental reliance on the alleged oral promise was something different—deciding to retire rather than to exercise his retreat rights and resume the position he held before being promoted to Fire Chief. We disagree. The Sixth Circuit in *General Aviation* merely concluded that promissory estoppel *cannot* lie when the consideration for the express and implied agreement are the same. *Id.* at 1042. This does not necessarily mean that promissory estoppel *does* apply when the consideration for the express and implied agreements is different. More importantly, the plaintiff in *General Aviation* did not prevail because, like plaintiff in the case at bar, it entered into a fully-integrated written contract *after* the promise on which it relied for promissory estoppel was made. *Id.* "Promissory estoppel is not a doctrine designed to give a party to a negotiated

commercial bargain a second bite at the apple in the event it fails to prove breach of contract." *Id.* (citation omitted). *General Aviation* simply does not support plaintiff's position.

Plaintiff's quantum meruit claim is likewise barred by the doctrine of collateral estoppel. Plaintiff argues, citing *Cascade Electric Co v Rice*, 70 Mich App 420; 245 NW2d 774 (1976), that he could prevail on his quantum meruit claim because the express contract is silent on whether the severance pay should be included in the pension calculation, i.e., the issue was not contemplated in that original agreement. Again, we disagree.

A quantum meruit claim has two elements: (1) that one party received a benefit from the other party, and (2) that it would be inequitable for the party who received the benefit to retain it. *Lansing Bd of Water & Light v Deerfield Ins Co*, 183 F Supp 2d 979, 990 (WD Mich, 2002). However, a contract must be implied to support a quantum meruit claim, and when there is an express contract between the parties, no contract can be implied that covers the same subject matter. *Cascade Electric Co*, 70 Mich App at 426. Plaintiff's argument that he seeks recovery for items not contemplated in the original contract is belied by the facts of this case. As the courts determined, his contract was silent on whether the amount should be included in the pension calculation, but that contract incorporated the CBA, which undeniably contemplated, in specific terms, what may, and may not, be included in this calculation. Implicit in the issue previously adjudicated was the concept that plaintiff's express contract covered the subject matter of whether his final payment could be included in base wages for purposes of calculating his pension. Because this issue is determinative of plaintiff's quantum meruit claim, this claim is barred by collateral estoppel.

The result is the same with regard to plaintiff's unjust enrichment claim. The elements of unjust enrichment are quite similar to those of quantum meruit in that one party must receive a benefit from the other, and there would be an inequity to the other party if the benefit were retained. *Keywell & Rosenfeld v Bithell*, 254 Mich App 300, 327; 657 NW2d 759 (2002) (citation omitted). Like quantum meruit, unjust enrichment requires a court to imply a contract, which will not be done if there is an express contract covering the same subject matter, as there is in this case. *Id*. at 327-328. Plaintiff's unjust enrichment claim is therefore also barred by collateral estoppel.

Regarding plaintiff's claim that the City Council approval of the contract constitutes a post-retirement adjustment pursuant to MCL 38.556(d), this argument was made before the Board by defendant's own counsel. The Board initially accepted this argument, but reversed itself after deciding that the contract clearly stated the full agreement between the parties, and it did not include treating the severance amount as base salary for purposes of calculating plaintiff's pension amount. *Costella I*, unpub op at 2. Plaintiff himself concedes that this cause of action would require reconsideration of the parties' intent in entering into the contract, which has already been adjudicated. Therefore, this claim is also collaterally estopped.

In summary, the trial court correctly held that plaintiff's claims of promissory estoppel, quantum meruit, unjust enrichment, and post-retirement adjustment were barred by the doctrine of collateral estoppel because the issue of whether the contract was breached when the severance pay was not included in the pension calculation, which is determinative to each of these claims, was litigated to a valid and final judgment.

## B. GOVERNMENTAL IMMUNITY

While plaintiff has challenged the dismissal of all of his claims, he has made no argument regarding the trial court's decision that his fraud claim was barred by governmental immunity; therefore, he has abandoned this issue. See *Peterson Novelties, Inc v City of Berkley*, 259 Mich App 1, 14; 672 NW2d 351 (2003). In any case, the trial court did not err in holding that defendant was entitled to summary disposition on Count II of plaintiff's complaint, in which plaintiff alleged that defendant defrauded him, pursuant to MCR 2.116(C)(7) based on governmental immunity.

Michigan's governmental tort liability act ("GTLA"), MCL 691.1401 *et seq.*, provides "broad immunity from tort liability to governmental agencies whenever they are engaged in the exercise or discharge of a governmental function[.]" *Ross v Consumers Power Co* (*On Rehearing*), 420 Mich 567, 595; 363 NW2d 641 (1984), citing MCL 691.1407. Governmental immunity does not apply, even though a governmental agency is engaged in governmental functions, if "the activity is proprietary in nature . . . or falls within one of the other statutory exceptions to the governmental immunity act." *Id.* at 620. Because governmental immunity is a characteristic of government, not an affirmative defense; "a party suing a unit of government must plead in avoidance of governmental immunity." *Mack v Detroit*, 467 Mich 186, 203; 649 NW2d 47 (2002). "To be effective, such pleading must state a claim that fits within a statutory exception to immunity or include facts that indicate the action at issue was outside the exercise of a governmental function." *Kendricks*, 270 Mich App at 681.

Plaintiff's complaint fails to plead in avoidance of governmental immunity, and it is clear that he could not do so under the facts of this case. The contract negotiations were not a proprietary function, which is defined as "any activity conducted primarily for pecuniary profit, excluding activities normally supported by taxes or fees." *Ross* (*On Rehearing*), 420 Mich at 591, citing MCL 691.1413. Nor could any of the other exceptions to governmental immunity apply: the highway exception, the motor-vehicle exception, the public-building exception, the governmental-hospital exception, and the sewage-disposal-system-event exception. *Hannay v Dep't of Transp*, 497 Mich 45, 60 n 34; 860 NW2d 67 (2014). Accordingly, plaintiff's fraudulent misrepresentation claim was barred.

## III. CONCLUSION

The trial court did not err in holding that plaintiff is collaterally estopped from litigating his contract and quasi-contract claims or his claim that the Board made a post-retirement adjustment to his pension calculation under MCL 38.556(d). None of these claims could succeed because it has been judicially determined that his unambiguous, fully integrated, written contract did not allow the severance pay to be included in the pension calculations. Likewise, the circuit

court did not err in holding that plaintiff's fraudulent misrepresentation claim is barred by governmental immunity.

Affirmed.

/s/ Jane M. Beckering
/s/ Mark J. Cavanagh
/s/ Michael F. Gadola