# STATE OF MICHIGAN

# COURT OF APPEALS

ROY E. PIETILA and PIETILA INSURANCE
AGENCY, INC.,

UNPUBLISHED
December 13, 2018

Plaintiffs-Appellants,

v

No. 339939
Livingston Circuit Court
LC No. 17-029282-CZ

GORDON R. PIETILA,

Defendant-Appellee.

Before: BOONSTRA, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

Plaintiffs appeal as of right the trial court's order denying their motion to modify or correct an arbitration award and a subsequent order denying their motion for reconsideration. Pursuant to the arbitration award, defendant was awarded $113,268 in unpaid renewal commissions and neither party was awarded attorney fees. We affirm.

## I. RELEVANT FACTUAL BACKGROUND

The underlying action involves a dispute over the ownership of the Pietila Insurance Agency and other related claims. Defendant first sought redress in the circuit court, but after protracted initial litigation, including an earlier appeal to this Court, the parties stipulated to binding arbitration. The arbitration was to be conducted pursuant to the Uniform Arbitration Act, MCL 691.1681 *et seq.*, and the terms and conditions "set forth in Sec 7.2 of the parties' Agency-Independent Contractor Agreement" ("the 2012 Agreement"). Section 7.2 ("Sec. 7.2") of the 2012 Agreement states:

> 7.2    If a dispute arises between Agency and Contractor relative to the terms of this Agreement or the relationship established by the Agreement, then that dispute shall be submitted to arbitration for resolution. Arbitration shall take place in Livingston County, Michigan, before a single experienced arbitrator licensed to practice law in Michigan, and selected in accordance with the rules of the American Arbitration Association in effect at that time, as the exclusive forum for resolving such claims or dispute. The arbitrator shall not have authority to modify or change this Agreement in any respect. Agency and Contractor shall each be responsible for payment

-1-

of on-half [sic] the amount of arbitrator's fees. The prevailing party in any such arbitration shall be awarded its costs, expenses, and actual attorney's fees incurred in connection with the arbitration. The arbitrator's decision and/or award will be fully enforceable and subject to an entry of judgment by any court of competent jurisdiction in the county, district or circuit court where the arbitration takes place. This provision shall not bar a proceeding for injunctive relief as a matter of first resort. Should any party to this Agreement hereafter institute any legal action or administrative proceeding against the other with respect to any claim waived by this Agreement or pursue any arbitral dispute by any method other than by arbitration, the responding party shall recover from the initiating party all damages, costs, expenses and attorney's fees incurred as a result of such action.

The stipulation between the parties outlined the arbitrator's authority:

3.  The Arbitrator shall have the authority to determine the legal enforceability of the [2012] Agreement and the terms and conditions set forth therein in accordance with the Michigan Uniform Arbitration Act, MCL 691.1686(3) and Sec. R-7(b), Jurisdiction, of the American Arbitration Association ("AAA") Commercial Arbitration Rules and any such determination of enforceability shall not be construed as a modification or change to the Agreement as otherwise prohibited by Sec. 7.2 thereof. For example and for sake of clarity, the Arbitrator shall have the authority to determine whether rescission is required, and to what extent (if any) the non-competition provisions at issue in this case may be enforced under Michigan law without being constrained by the provisions of the Agreement which prohibits modifications. The Arbitrator shall have full authority to determine the rights and obligations of the parties as set forth in the Michigan Arbitration Act and the AAA Commercial Arbitration Rules. The Arbitrator shall have discretion to determine the prevailing party with regard to the awarding of costs and fees.

The arbitrator concluded that the individual parties were not partners in the insurance agency and that defendant was an independent contractor of the agency. He also found that the 2012 Agreement was binding on the parties and that the parties orally modified the agreement as memorialized in various agreements signed by the parties, email exchanges, and a signed check. In conclusion, pursuant to the 2012 Agreement and its modification, the arbitrator awarded defendant $113,268 in renewal commissions. He did not award either party attorney fees because he found that neither party prevailed in full. Subsequently, plaintiffs filed a motion to correct or modify the arbitration award; however, the trial court held that the arbitrator acted within the scope of his authority, denied the motion, and entered an order confirming the arbitration award. On plaintiffs' motion for reconsideration, relying on MCL 691.1704, the trial court held that there was "no basis for the court to find that the claims were not submitted to the arbitrator" and that the arbitrator had "full authority to determine the rights and obligations of the parties."

## II. STANDARD OF REVIEW

"This Court reviews de novo a trial court's ruling on a motion to vacate or modify an arbitration award." *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009). "Whether an arbitrator exceeded his or her authority is also reviewed de novo." *Id*. at 672. "A reviewing court may not review the arbitrator's findings of fact, and any error of law must be discernible from the face of the award itself." *Id*. Therefore, only legal errors that are "evident without the scrutiny of intermediate mental indicia" are reviewable and warrant the overturning of an arbitration award. *Id*. (quotation marks and citation omitted).

## III. ARBITRATOR'S LEGAL AUTHORITY

Plaintiffs first argue that the trial court erred by denying their motion to modify the arbitration award to include attorney fees because the arbitrator exceeded his legal authority when he failed to enforce a provision of the 2012 Agreement, despite finding the 2012 Agreement to be binding on the parties. We disagree.

The section of the 2012 Agreement plaintiffs claim the arbitrator failed to enforce reads as follows:

> Should any party to this Agreement hereafter institute any legal action or administrative proceeding against the other with respect to any claim waived by this Agreement or pursue any arbitral dispute by any method other than by arbitration, the responding party shall recover from the initiating party all damages, costs, expenses and attorney's fees incurred as a result of such action.

"Judicial review of arbitration awards is usually extremely limited[.]" *Washington*, 283 Mich App at 671. "[A]n allegation that the arbitrators have exceeded their powers must be carefully evaluated in order to assure that this claim is not used as a ruse to induce the court to review the merits of the arbitrators' decision." *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 497; 475 NW2d 704 (1991). The circuit court may confirm, vacate, or modify or correct an arbitration award. MCR 3.602. The trial court's authority is limited, however:

> **(I) Award; Confirmation by Court**. A party may move for confirmation of an arbitration award within one year after the award was rendered. The court may confirm the award, unless it is vacated, corrected, or modified, or a decision is postponed, as provided in this rule.

> **(J) Vacating Award.**

> \* \* \*

> (2) On motion of a party, the court shall vacate an award if:

> (a) the award was procured by corruption, fraud, or other undue means;

> (b) there was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights;

-3-

(c) the arbitrator exceeded his or her powers; or

(d) the arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.

\* \* \*

**(K) Modification or Correction of Award.**

\* \* \*

(2) On motion made within 91 days after the date of the award, the court shall modify or correct the award if:

(a) there is an evident miscalculation of figures or an evident mistake in the description of a person, a thing, or property referred to in the award;

(b) the arbitrator has awarded on a matter not submitted to the arbitrator, and the award may be corrected without affecting the merits of the decision on the issues submitted; or

(c) the award is imperfect in a matter of form, not affecting the merits of the controversy. [MCR 3.602.]

We initially note that plaintiffs moved the trial court to "modify or correct" the arbitration award. However, an arbitration award may be modified or corrected only when there are evident miscalculations or mistakes in the award, if the arbitrator awarded a party on a matter not submitted to the arbitrator, or if the award is imperfect in matter of form. MCR 3.602(K)(2). When a party alleges that the arbitrator "exceeded his or her powers," the correct remedy to be sought is vacation of the award. MCR 3.602(J)(2)(c). Accordingly, a correction or modification of the award based on an arbitrator's alleged improper exercise of power is not an available remedy under the court rule under which plaintiffs proceeded.

Furthermore, we do not conclude that the arbitrator exceeded his authority. "[A]rbitrators who derive their authority from the contract calling for their services are bound to act within the terms of the submissions." *Detroit Auto Inter-Ins Exch v Gavin*, 416 Mich 407, 432; 331 NW2d 418 (1982). "[A]rbitrators can fairly be said to exceed their power whenever they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law." *Id*. at 434. However, when an arbitration clause is written in broad and comprehensive language to include all claims and disputes, an arbitrator's award is presumed to be within the scope of the arbitrator's powers absent express language to the contrary. *Gordon Sel-Way*, 438 Mich at 497. Importantly, courts may not engage in contract interpretation or review the arbitrator's factual findings because to do so would invade the arbitrator's authority. *Konal v Forlini (On Remand)*, 235 Mich App 69, 74-75; 596 NW2d 630 (1999).

-4-

In our view, plaintiffs' argument that the arbitrator exceeded his legal authority is an improper attempt to invade the arbitrator's authority to interpret the parties' contract and to render factual findings. *Id*. Under the stipulation, the arbitrator had the explicit "authority to determine the legal enforceability of the [2012] Agreement and the terms and conditions set forth therein" and "the *full authority* to determine the rights and obligations of the parties." (Emphasis added.) Accordingly, the arbitrator had the authority to determine whether the arbitration penalty provision was enforceable and whether any party was entitled to attorney fees.

Furthermore, there are multiple possible explanations for why the arbitrator may have declined to award pre-arbitration attorney fees. See *Hayman Co v Brady Mech, Inc*, 139 Mich App 185, 191; 362 NW2d 243 (1984). Ultimately, however, why the arbitrator did not enforce the provision is unimportant because "only the kind of legal error that is evident without scrutiny of intermediate mental indicia" is reviewable. *Gavin*, 416 Mich at 429. Here, to determine why the arbitrator did not enforce the provision would require the trial court to speculate on the arbitrator's mental processes. Furthermore, as this Court has explained, "[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court may not overturn the decision even if convinced that the arbitrator committed a serious error." *Ann Arbor v AFSCME Local 369*, 284 Mich App 126, 144; 771 NW2d 843 (2009) (quotation marks and citation omitted). The arbitrator was arguably construing or applying the contract and acting within the scope of his authority by ignoring the arbitration enforcement penalty provision, because the arbitration stipulation gave him broad authority to determine the enforceability of the 2012 Agreement and its individual terms and conditions.

Plaintiffs also make the cursory argument that they were the prevailing party and thus entitled to attorney fees. However, as the stipulation outlines, the arbitrator had "the *discretion* to determine the prevailing party with regard to the awarding of costs and fees." (Emphasis added.) Accordingly, the trial court may not disturb the arbitrator's discretionary finding of fact that neither party "prevailed in full" and his decision not to award attorney fees. *Gavin*, 416 Mich at 429 (holding that an "arbitrator's findings of fact are unreviewable").

## IV. AWARD ON CLAIM NOT PLEADED

Plaintiffs next argue that the trial court erred by not modifying the arbitration award because the arbitrator granted relief on a claim not submitted to arbitration. "[A]rbitrators do not function in a legal vacuum" and may not make decisions "entirely without regard to the controlling principles of law which govern the rights and duties of the parties." *Gavin*, 416 Mich at 432.

First, plaintiffs argue that the commission amount was simply a hypothetical calculation and that the arbitrator erred by using it in awarding defendant. However, courts will not review an arbitrator's finding of fact. *Id*. at 429.

Next, plaintiffs argue that defendant failed to give notice of any claim for renewal commissions, rendering the arbitrator's decision erroneous. A *trial court* may not grant relief based on a claim that was never pleaded in a complaint, *Reid v Michigan*, 239 Mich App 621, 630; 609 NW2d 215 (2000), and plaintiffs argue that this same principle of law applies to arbitration. However, the applicable rules and procedures, as defined by the parties in the

stipulation, were based on the Uniform Arbitration Act and the AAA Commercial Arbitration Rules, not the Michigan Court Rules.

Under the AAA Commercial Arbitration Rules, the initiating party must file certain information with the arbitrator, including "a statement setting forth the nature of the claim including the relief sought and the amount involved." AAA Commercial Rules of Arbitration, R-4(e)(*iv*). Plaintiffs argue that defendant failed to do this in relation to his entitlement to renewal commissions; they further point out that he did not "amend his claim" to include it as required by the rules. AAA Commercial Rules of Arbitration R-6(b) ("Any new or different claim or counterclaim . . . shall be made in writing and filed with the AAA, and a copy shall be provided to the other party . . . ."). Defendant argues that plaintiffs were on sufficient notice because he filed an arbitration complaint "setting forth the nature of the claim including the relief sought and involved." In his arbitration "complaint," defendant made the following allegations and prayer for relief:

> 38. Roy and Gordon orally agreed, in front of 12 family members, that Gordon would be paid for 2 years, for the business he generated at the Agency and have a 2 year non-compete clause within Michigan.
>
> * * *
>
> 40. Roy then refused to pay Gordon anything for his ownership interest in the Agency or for any of the business generated by Gordon for the Agency.
>
> * * *
>
> WHEREFORE Plaintiff, GORDON R. PIETILA, respectfully requests this court:
>
> (a) Enter a judgment in his favor and against Defendants and rescind Independent Agency Agreement and
>
> (b) Enter an order determining Plaintiff to be a 40% owner of the Agency;
>
> (c) Enter a judgment in Plaintiff's favor and against Defendant for all profits which should have been distributed to Plaintiff; and
>
> (d) Enter a judgment for compensatory damages . . . ;
>
> (e) Award Plaintiff his costs and attorneys [sic] fees; and
>
> (f) Along with any other relief it deems fair and equitable.

Accordingly, defendant argues that "it is not possible to read [the complaint] without getting fair notice that [he] wanted to be paid all the commissions to which he was entitled in accordance with the agreement made."

We find more convincing the stipulation that the parties entered into, giving the arbitrator broad power to determine the legal enforceability of the 2012 Agreement and all of its terms and conditions. In the 2012 Agreement, the following term is found:

(B) Renewal Payments

Agency will pay to Contractor, a monthly payment equal to 25% of the renewal commissions received by Agency during the previous months for clients who were solicited by Contractor during the term of this Agreement and for whom Contractor received commissions under this Agreement. To the extent renewal premiums continue to be received by Agency, such renewal commission payments shall continue for 4 years (48 months) following termination of this Agreement.

Although defendant may not have explicitly asserted this claim in his statement of the nature of the controversy, the stipulation allowing the arbitrator to determine the enforceability of all of the provisions of the 2012 Agreement put plaintiffs on sufficient notice.

Next, plaintiffs argue that defendant's complaint was premised on the fact that he was not an independent contractor and that defendant did not allege any contractual claims to the renewal commissions. Accordingly, they argue that the award should be stricken pursuant to MCL 691.1704, which provides, in relevant part:

(1) . . . [T]he court shall modify or correct the award if any of the following apply:

* * *

(b) *The arbitrator has made an award on a claim not submitted to the arbitrator* and the award may be corrected without affecting the merits of the decision on the claims submitted. [MCL 691.1704(1) (emphasis added).]

However, the issue of the renewal commissions was adequately submitted as a claim under the comprehensive grant of power to the arbitrator to determine the legal enforceability of the 2012 Agreement and its terms and conditions. Although defendant may not have specifically made a claim for the renewal commissions, he did mention the payments in his arbitration "complaint," and plaintiffs specifically argued that the 2012 Agreement was enforceable and that defendant had breached it in multiple ways. Accordingly, the enforceability of the 2012 Agreement was a claim or matter submitted to arbitration. The arbitrator found that the 2012 Agreement was enforceable and that it had been orally modified, entitling defendant to renewal

commissions. In light of these facts, the trial court did not err by finding that the claim was made and that the arbitrator did not exceed his authority by rendering a decision on it.[1]

Next, plaintiffs assert that, assuming arguendo that defendant did assert a claim entitling him to renewal commissions, any such claim was dismissed by the arbitrator. In light of the above discussion, the arbitrator had wide discretion to determine what claims were presented and the parties' rights and obligations under the 2012 Agreement, even if he dismissed the specific claims made by defendant. See *United Paperworkers Int'l Union, AFL-CIO v Misco, Inc*, 484 US 29, 38; 108 S Ct 364; 98 L Ed 2d 286 (1987) ("[W]here it is contemplated that the arbitrator will determine remedies for contract violations that he finds, courts have no authority to disagree with his honest judgment in that respect.").

Finally, plaintiffs argue that defendant was barred from recovery under the election of remedies doctrine because the award was inconsistent with his argument that the 2012 Agreement was void and unenforceable. However, "[a] plaintiff may . . . simultaneously pursue all available remedies regardless of their legal consistency, if the plaintiff does not obtain a double recovery." *Barclae v Zarb*, 300 Mich App 455, 486; 834 NW2d 100 (2013). In litigation, a party may allege separate claims "regardless of consistency," MCR 2.111(A)(2)(b), and it is unclear why a party in an arbitration proceeding could not do the same. Furthermore, plaintiffs cite no applicable arbitration rule that would bar a party from pursuing alternate theories.

Affirmed.

/s/ Mark T. Boonstra
/s/ Kathleen Jansen
/s/ Michael F. Gadola

---

[1] We do not find persuasive plaintiffs' attempt to distinguish between the language of MCR 3.602 and of MCL 691.1704. Under the court rule, the court "shall modify or correct the award if . . . the arbitrator has awarded on *a matter* not submitted to the arbitrator." MCR 3.602(K)(2) (emphasis added). However, under the Uniform Arbitration Act, the court "shall modify or correct the award if . . . [t]he arbitrator has made an award on *a claim* not submitted to the arbitrator and the award may be corrected without affecting the merits of the decision on the claims submitted." MCL 691.1704(1) (emphasis added). Whether framed as "a matter" or "a claim," it is evident that the arbitrator was acting within the scope of his authority in deciding the enforceability of the terms of the 2012 Agreement, because the parties specifically stipulated for him to do just that.